# Richmond.

## JAMES C. DAVIS, DIRECTOR GENERAL OF RAILROADS, V. KIRBY J. BOWMAN.

### January 17, 1924.

1. CROSSINGS—*Contributory Negligence—Statement in Writing by Defendant.*—In an action for injuries from a collision between a train and an automobile at a crossing, defendant filed no statement in writing showing that it relied on contributory negligence as a defense, and it followed that the defendant for such defense under section 6092 of the Code of 1919 was confined to the plaintiff's testimony.

2. CROSSINGS—*Contributory Negligence—Case at Bar.*—In the instant case, an action for injuries sustained by a collision of plaintiff's automobile and a train at a crossing, the decisive question was whether as a matter of law plaintiff was guilty of contributory negligence in approaching the crossing. After a careful consideration of the evidence the Supreme Court of Appeals was of opinion that it could not say as a matter of law that plaintiff was guilty of contributory negligence, and therefore a judgment for plaintiff could not be reversed.

3. CROSSINGS—*Instructions—Repetition—Duty to Stop, Look and Listen.*—In the instant case, an action for injuries at a crossing, the court refused at the request of the defendant to give an instruction to the effect that if the view of plaintiff was so obstructed that he could not otherwise satisfy himself whether it was prudent to cross defendant's tracks, it was his duty, if familiar with the crossing or aware of the facts, to stop and look and listen before going upon the tracks.

    *Held:* Not to be error, in view of a given instruction that "if obstructions, or the running of his machine, interfere with his hearing or looking, it is his duty to stop and look and listen so as to make looking and listening reasonably effective."

Error to a judgment of the Circuit Court of Shenandoah county, in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Aubrey G. Weaver*, for the plaintiff in error.

*Tavenner & Bauserman*, for the defendant in error.

Per Curiam.

Kirby J. Bowman was seriously injured when the automobile in which he was riding came into collision with a train operated by the Director General over the Southern railroad tracks at a highway crossing.

Bowman brought this action to recover damages for the injury to himself and his automobile. There was a verdict and judgment in his favor and the defendant assigns error.

[1] The decisive question in the case is whether we can say as a matter of law that the plaintiff was guilty of contributory negligence in approaching the crossing. There was evidence upon which the jury might properly have found that the employees in charge of the engine failed to give the statutory signals for the crossing. The accident occurred in May, 1919, and is, therefore, not within the influence of section 3959 of the Code, abolishing contributory negligence as a bar to recovery in cases of this character. The defendant filed no statement in writing showing that it relied on contributory negligence as a defense, and it follows that the defendant, for such defense, is confined to the plaintiff's testimony. Code, 1919, section 6092.

[2] The case is very close upon the facts. We have had occasion recently to pass upon many similar cases. The pertinent principles of law are well settled. After a most careful consideration of the evidence we are of opinion that we cannot say as a matter of law that the

plaintiff was guilty of contributory negligence, and that the instant case is controlled by the line of cases typified by *Seaboard Air Line Ry.* v. *Abernathy,* 121 Va. 173, 92 S. E. 913, and *Payne, Director General,* v. *Brown,* 133 Va. 222, 112 S. E. 833, and does not fall within the in- fluence of *Washington & Old Dominion Ry. Co.* v. *Zell,* 118 Va. 755, 88 S. E. 309, and other cases of that class.

A subordinate question in the case is whether the court erred in refusing to give, at the instance of the defendant, the following instruction:

[3] "The court also instructs the jury that the driver of an automobile in approaching a railroad crossing at grade is held to a higher degree of caution than drivers of wagons and other vehicles drawn by horses. If, therefore, the jury believe from the evidence that the view or hearing of Bowman was so obstructed that he could not otherwise satisfy himself whether it was pru- dent to cross the defendant's tracks, it was his duty, if he was familiar with such crossing or aware of such facts, to stop and look and listen, before going upon the tracks; and, if they believe from the evidence that the plaintiff failed to take these precautions and such failure contributed as a proximate cause of the accident, then there can be no recovery."

Of this it is sufficient to say that, conceding the in- struction to be correct in all respects, the proposition of law contained therein was amply covered by the follow- ing instruction which was one of seven given at the in- stance of the defendant, to-wit:

The court likewise instructs the jury that the driver of an automobile, in approaching a railroad crossing at grade must not only look and listen for approaching trains, but he must do so in such a way as to make look- ing and listening reasonably effectual.   If obstructions,

or the running of his machine, interfere with his hearing or looking, it is his duty to stop and look and listen so as to make looking and listening reasonably effective. Therefore, the court instructs the jury that although they may believe from the evidence that the crossing signals were not given by the defendant, that no whistle was sounded or bell rung, and although they may believe that the train approached said crossing at a negligent rate of speed, yet, if they likewise believe from the evidence that Bowman, by stopping his machine at a safe distance from the main track, could have seen or heard the approaching train in time to have avoided the accident, and that he failed to take such precautions, then such failure constituted contributory negligence on the part of the plaintiff, and their verdict must be for the defendant."

Upon the whole case we are of opinion that the judgment complained of must be affirmed.

*Affirmed.*