# Richmond

MAJESTIC STEAM LAUNDRY, INCORPORATED, AND E. A. BRADLEY
v. ROY PUCKETT

AND

MAJESTIC STEAM LAUNDRY, INCORPORATED, AND E. A. BRADLEY
v. MRS. ROY PUCKETT.

November 16, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory
and Browning, JJ.

The opinion states the case.

*Greever & Gillespie,* for the plaintiffs in error.

*N. Clarence Smith,* for the defendants in error.

·BROWNING, J., delivered the opinion of the court.

These two cases involve the same state of facts. Roy Puckett sued the Majestic Steam Laundry, Inc., and E. A. Bradley for damages to his automobile for their alleged negligence, and Mrs. Roy Puckett sued the same defendants for damages on account of personal injuries sustained by herself by reason of the alleged negligence of the defendants. Puckett was driving his Chevrolet automobile in an easterly direction from Tazewell towards Bluefield, West Virginia, about nine o'clock on the morning of October 20, 1931, on U. S. Highway No. 19, when at a point near a bridge or culvert, in the county of Tazewell, there was a collision between the Puckett automobile and the laundry truck of the Majestic Steam Laundry, Inc., which

was driven by the defendant, E. A. Bradley, who was the regular driver of the truck which was, at the time, and had been for a long period before, used in collecting and delivering laundry along the route of the highway. Mrs. Puckett was riding on the front seat of the automobile with her husband and her sister was occupying the rear seat. The jury rendered a verdict in the Roy Puckett case for damages in the sum of $450.00, and in the Mrs. Roy Puckett case for damages in the sum of $3,000.00 and the court sustained each verdict.

Upon the question of negligence the evidence was conflicting and the verdicts of the jury settled it in favor of the plaintiffs and its weight was certainly with the plaintiffs.

The main ground of the defendants' motion to set aside the verdict was: "That statements of plaintiffs' counsel, in his argument to the jury, created prejudice in the minds of the jury, which could not be cured by an instruction of the court."

The offending statement of plaintiffs' counsel, in his closing argument to the jury, was: "If you give me a verdict for $11,000.00, I won't go into Mr. Bradley's pocket for one cent of it."

The defendants' counsel urge that this was a furtive method of informing the jury that the defendants were fortified by liability insurance. This court has repeatedly held that it is prejudicial error to inject into a case of this character the fact that a defendant is protected by such insurance for the manifest reason that such evidence may have a subtle influence upon the minds of the jurors which might take their attention away from the real issues and fix it upon a wholly collateral matter and that the vice of the thing might not be removed by instructions.

The remark of counsel which was objected to contained, certainly, no specific reference to insurance and whether, if standing alone, it would bear such interpretation, is a matter as to which we express no opinion.

The statement, as we view it, was legitimate. It was

provoked by the preceding remark of the defendants' counsel in his address to the jury when he said that Mr. Bradley was a hard-working man and here was "a police officer from Detroit down here to go into the pockets of Mr. Bradley."

Mr. Puckett, who was a former resident of Russell county, Virginia, had gone to Detroit to live and was, at the time of the accident, a member of the city's police force.

In the case of *Huhn* v. *Ruprecht* (Mo. Sup.), 2 S. W. (2d) 760, 764, it was said: "Appellant's counsel seems to have laid appellant open to such an attack in argument and appears to be in no position to complain of this sort of argument, even if we regarded it as improper, because counsel in his argument referred to respondent's counsel and his associates as greedily awaiting to carry off poor old hard-working Ruprecht's money after the verdict. The trial court heard all of the argument made by counsel on each side and was in a better position to determine its propriety than are we."

█ If, however, the remark of counsel complained of was improper, the defendants are not in a position to avail themselves of the advantage, because no objection to the remark was made at the time and no judgment or ruling of the court was requested by them.

In the case of *Southern Ry. Co.* v. *Johnson*, 151 Va. 345, 146 S. E. 363, 368, it was said: "The record shows that defendant's counsel made no objection to the alleged improper remarks at the time of their utterance * * * (nor) * * * until after verdict * * * The objection and motion came too late."

In the case of *Lorillard Co.* v. *Clay*, 127 Va. 753, 104 S. E. 384, 390, Judge Burks said: "But it will be observed that no objection was made or exception taken to remarks * * * They cannot, therefore, be made a ground of reversal in this court."

After the jury had retired to their room to consider the case counsel for the defendants asked that the statement

of plaintiffs' counsel be shown in the record, whereupon the court asked counsel what they wanted the court to do about it and their reply was that there was nothing the court could do. We think the assignment of error is without merit.

The defendants' assignment of error number 11 refers to the action of the court in giving and refusing certain instructions. With reference to the instructions given at the request of the plaintiffs it is contended that they tended to eliminate the theory that the accident was caused by Roy Puckett's negligence.

In this connection we note that the defendants did not file any plea of contributory negligence as a defense. If such defense is now to avail them it must be had from the plaintiffs' evidence. They are thus limited in this particular. See Virginia Code, section 6092. It was held in the case of *Davis* v. *Bowman,* 138 Va. 108, 121 S. E. 506, that where in an action for injuries from a collision at a crossing, the defendant filed no statement in writing showing that it relied on contributory negligence as a defense, it was confined to the plaintiff's testimony for such defense under this section. The above section was there considered. See, also, *Payne* v. *Brown,* 133 Va. 222, 112 S. E. 833; *Judy* v. *Doyle,* 130 Va. 392, 108 S. E. 6.

The plaintiffs' evidence not only does not show contributory negligence upon the part of the plaintiffs, but, on the contrary, shows the fault to lie with the defendants. We find no error with the instructions on this point.

Again, objection was made to certain instructions because the court refused to submit to the jury the question of joint enterprise and imputed negligence, relating to Mr. and Mrs. Puckett. This defense must be predicated upon the relation of principal and agent. We find, from the evidence, no such relationship between Mr. and Mrs. Puckett in the operation of the automobile in question. The evidence does not, at all, sustain such contention.

In the case of *Gaines* v. *Campbell,* 159 Va. 504, 166 S. E. 704, 707, this court said, through Mr. Justice Holt:

"The major test when we undertake to impute to a plaintiff the negligence of her driver, is this: Was he her agent and did she have any control over the management of the car? Not until these facts are established can the doctrine of 'joint enterprise' be invoked."

The evidence does not show that Mrs. Puckett was the agent of her husband or had any control over the operation of the automobile.

■■ The contention is also made that the verdicts in the cases in judgment are excessive. As to this, in the Roy Puckett case, the evidence shows that he expended some $300.00 in the repair of his automobile and in personally attending to it, and that it was so damaged that it could not be put in as good condition as it was before the accident. At that time it was practically a new car and the mechanic, who repaired it, testified that after it had passed through such an ordeal it would be difficult to estimate the real damage done to it. See *Hamrick* v. *Fahrney,* 157 Va. 396, 161 S. E. 43, 45, in which the late Chief Justice Prentis said for this court, on a similar question: "It cannot be contended that, when an automobile has been seriously damaged as this one was by a collision, the plaintiffs on recovery should be strictly limited to the cost of repairs necessary to permit its operation. The damages to a machine wrecked as this one was, under such circumstances, can only be estimated, * * *"

■ With respect to the verdict of Mrs. Roy Puckett the evidence shows that her face and head sustained cuts and bruises; that there were injuries to her chest and abdomen; that she had become, on account of the accident, very nervous; that prior to the accident she drove the car at will over the streets of Detroit, but since the accident and her injuries she had stopped driving an automobile on account of fear and nervousness and that from the time of the accident to the time of the trial she complained of nausea, headaches and rheumatism. The doctors testified that the scars on her face were permanent.

"There is no rule of law fixing the measure of damages

in such a case; and it cannot be reached by any process of computation. In cases of the kind, the judgment of the jury must govern, * * *" *Farish* v. *Reigle,* 11 Gratt. (52 Va.) 697, 62 Am. Dec. 666.

We find no error in the ruling of the court on this contention. The judgment of the court is affirmed.

*Affirmed.*