# Richmond

## WALTER E. BLOXOM v. CHARLES GOODE McCOY.

November 24, 1941.

Record No. 2407.

Present, All the Justices.

The opinion states the case.

*Carlton E. Holladay, I. W. Jacobs* and *Harry H. Kanter,* for the plaintiff in error.

*A. E. S. Stephens* and *Tom E. Gilman,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Walter E. Bloxom instituted an action against Charles Goode McCoy for damages for personal injuries arising from an automobile accident. Bloxom was a back seat passenger in an automobile which was being driven by McCoy and which ran off the road, causing the aforesaid injuries. A jury trial was had, and a verdict and judgment in favor of the defendant McCoy resulted.

The accident occurred on June 23, 1939, at approximately 4:30 in the afternoon. McCoy was driving an automobile from Portsmouth to Battery Park, Virginia. One Clark was sitting on the front seat, and on the rear seat were the plaintiff Bloxom, C. L. McCoy and Nathan Stowe. All of these men worked in Portsmouth and resided in the same neighborhood at Battery Park and Rescue, some 20 miles from their place of work. They had an arrangement between themselves to contribute fifty cents each to the expense of traveling in an automobile to and from work. No profit was to be made by the operator of the automobile. The share paid by each man was his individual portion of the actual expense of operating the car.

On the afternoon of the accident it was raining. When they left Portsmouth and as they proceeded the windshield on the inside would become misty or clouded every three or four minutes, and it became necessary for the defendant to clear it by wiping off the mist. He wiped it off the windsheld several times prior to the time of the accident. He used his handkerchief for that purpose, and after wiping would place the handkerchief on the seat beside him.

While driving along the wet road at 30 to 35 miles per hour he undertook to wipe the windshield which had again become obscured. During the performance of this operation the automobile ran off the right edge of the concrete and on to the right shoulder. When the defendant pulled it back to the concrete, it slid. He applied the brakes, and the car turned left and out of his control. It made a complete turn across the road to the left and stopped in the ditch beyond the left shoulder with its front pointing in the opposite direction towards Portsmouth. Bloxom received serious injury when the automobile ran into the ditch.

The automobile was a 1939 Chevrolet and in perfect mechanical condition. At the point of accident the concrete surface was eighteen feet wide, bordered by a

shoulder and ditch on each side. The road was straight, and there was no other traffic.

The evidence is free from conflict, and the facts narrated are taken largely from the testimony of the defendant.

■ The court below was of opinion that the case should be tried on the theory of ordinary negligence, and that neither the guest doctrine nor the legal rule controlling for-hire automobiles was applicable. The defendant at the trial insisted that the guest doctrine applied, and he offered a number of instructions which would have submitted the guest doctrine to the jury. The court refused them, but to that ruling of the court there is no cross-assignment of error. We are therefore bound in our review of the case to the rule of ordinary care or ordinary negligence, rather than to that of slight care or gross negligence.

■ The same is true regarding the defense of contributory negligence. The defendant offered an instruction on contributory negligence; it was refused by the court, but no exception was taken to such refusal, and no cross-error was assigned. We therefore cannot consider the question.

There are two substantial points raised in the petition. First, the petitioner or plaintiff, Bloxom, contends that the jury were influenced in their finding for the defendant by the improper argument of his counsel. He argued to the jury that any verdict they might render against the defendant would have to be paid out of his own pocket and ''out of his own hard earned wages''.

There was no objection to this argument at the time it was made, but later when the jury had retired to consider its verdict and before they had returned to the court room, plaintiff's counsel made an objection to the argument. He did not ask for a mistrial, nor did he ask the court to instruct the jury to disregard it. The trial court ruled that the objection came too late as it was not made until after the jury had retired.

■ ■ We think the objection was not timely made. The record fails to show any exception to the ruling of the court. This alone would preclude our consideration of the point.

In *Majestic Steam Laundry* v. *Puckett*, 161 Va. 524, 171 S. E. 491, this court, speaking through Mr. Justice Browning, said: "If, however, the remark of counsel complained of was improper, the defendants are not in position to avail themselves of the advantage, because no objection to the remark was made at the time and no judgment or ruling of the court was requested by them."

■ The objectionable argument in the case at bar was obviously made for the purpose of informing the jury that the defendant did not carry liability insurance. It was improper, and upon proper objection the court no doubt would have told the jury to disregard it.

The second point made by the petitioner is based on his objection to instruction Number 1, granted at the instance of the defendant. It was in this language:

"The court instructs the jury that a person who is required to act in a sudden emergency which is not occasioned by his negligence even if he acts unwisely, is not guilty of negligence in law, since in case of sudden and unexpected danger, necessitating an immediate decision as to which of two or more ways of escape will be resorted to, the law makes allowance for errors of judgment, even though it appears that the resulting accident could have been avoided if the party so placed had pursued a different course."

■ ■ This instruction presented to the jury that is commonly called the "sudden emergency doctrine". When the evidence warrants it such an instruction is entirely proper. Here the question is whether or not the evidence in this case justified the court in granting the instruction. We do not think it did because the testimony of the defendant himself shows rather definitely that he was not confronted by any sudden emergency. It shows that his action in wiping the windshield imme-

diately before the accident was deliberate and most likely caused the car to go off the concrete.

Automobile accidents generally occur suddenly, but suddenness alone is not sufficient to bring into play the emergency doctrine. For it to apply, the driver must be influenced by a sudden emergency not brought about by his own tortious conduct. If he has an opportunity to exercise his deliberate judgment between alternate courses to pursue, no emergency arises in legal contemplation. On the other hand, if he is suddenly confronted by the unexpected operation of some natural force, or by the innocent or wrongful act of a third person, the emergency doctrine arises. Restatement of the Law of Torts, Vol. 2, §296. See also The Law of Automobiles (Michie), §8, p. 10, where many Virginia cases are collected.

Whether the defendant McCoy was or was not negligent in using his right hand to wipe the clouded windshield just prior to the accident, and at the same time continuing to drive on the wet road, using only his left hand, at 30 to 35 miles per hour, under all the attendant circumstances, was a question for the jury under proper instructions.

The instruction was prejudicial and erroneous. The judgment is accordingly reversed and the case remanded for a new trial.

*Reversed and remanded.*