LAUREL WILSON OLSON v. EDWIN R. PRAYFROCK.

94 N. W. (2d) 540.

December 12, 1958—No. 37,272.

*Thomas K. Scallen,* for appellant.
*Charles R. Murnane, Raymond L. Flader,* and *Murnane & Murnane,* for respondent.

KNUTSON, JUSTICE.

This is an appeal from an order denying plaintiff's motion for a new trial after a verdict for defendant.

The action is one to recover damages for personal injuries sustained by plaintiff as the result of a collision between an automobile operated by her and one owned and driven by defendant.

Plaintiff, who was driving west on Seventh Street in the city of St. Paul, was struck, while attempting to make a left turn onto Chestnut Street, by defendant who was driving east on Seventh Street. Further details of the collision are unimportant to a consideration of the single issue presented here.

The only error assigned as grounds for a new trial consists of the alleged misconduct of defendant's counsel during his closing argument to the jury. The occurrence complained of can best be related by

quoting the portion of the record which contains the alleged misconduct. During the closing argument of defendant's counsel, the following transpired:

By Mr. Murnane:

"* * * I am not prepared to believe that you people are going to put your stamp of approval either on the operation of that car by the plaintiff or upon the claims made here in this courtroom. I have complete confidence in our jury system. I have complete confidence in this jury in this case, that you will not say, now, oh, we'll go ahead and give her some money because she was in this accident, because she's here making a claim. I think you are going to say to yourselves, really, we took an oath to do what we are certain and convinced is the fair and proper thing to do. It's fair because it is. I am sure you will say under the circumstances this lady, unfortunate as it may be, does not have a case against this man, and *we will not be a party to imposing upon him financial ruin to himself or somebody else because they came into court and said so.*

"Mr. Scallen: I don't mean to interrupt, but there is no evidence that any verdict in this case is going to result in financial ruin to this defendant whatsoever. I feel this remark is entirely improper and intended, perhaps, inadvertently under the heat of argument—

"Mr. Murnane: Counsel, I think if you made your objection, you don't have to analyze my argument.

"The Court: The jury will be instructed not to consider the financial worth or ability to pay if they follow his line of argument—

"Mr. Murnane: Just to make sure that I know what I'm talking about, this lady is in court seeking to recover from Mr. Prayfrock, seeking a judgment against him in the amount of $51,131. It's the amount of the complaint drawn by Mr. Scallen on behalf of his client. If there is any question as to whether or not somebody is here to sell something which does not exist, I think it might be established from this. I wasn't even going to suggest to you the outlandish amount of this suit at a time during which she has been working, no medical care except by the hired medical doctor. Does it show an attitude of fairness? I submit it does not." (Italics supplied.)

In proceedings subsequent to the trial, Mr. Murnane admitted that he had conducted the defense of defendant on behalf of Anchor Casualty Company, so it cannot be claimed that he did not know that defendant was insured. It is the contention of plaintiff that the statement italicized above was intended to convey to the jury the impression that defendant was not insured. It seems obvious to us that it was so intended. If not, why was it made?[1] We need not emphasize the fact that the statement was improper.

We have examined the entire arguments of both counsel contained in the settled case. It is evident therefrom that both were guilty of improper conduct during their arguments to the jury. During the argument of plaintiff's counsel the court was called upon to admonish him on three different occasions to refrain from arguing matters which were not in evidence. On two occasions, the court instructed the jury to disregard the statements of plaintiff's counsel.

While the rights of litigants should not be decided by balancing the misconduct of opposing counsel, it is significant that at the close of both arguments defendant's counsel moved for a mistrial because of the misconduct of plaintiff's counsel. Instead of joining in the motion, plaintiff's counsel objected, stating to the court in so doing:

"We oppose the motion. I think the decisions are quite clear that Counsel is afforded a certain latitude, considerable latitude, in argument, and in the heat of the argument, perhaps we go further than we intended to do. It was not my intention nor do I believe I did violate in any respect any instruction of the Court, and that when the Court made its rulings, I attempted, as best I could, to follow it."

If plaintiff's counsel believed at that point that the remarks of defendant's counsel were so prejudicial that he could not have a fair trial, he should have joined with defendant's counsel in the motion for a mistrial. Instead, plaintiff's counsel at that point merely took exception to the remarks of defendant's counsel, and no further corrective action was requested from the court.

---

[1]See Haid v. Loderstedt, 45 N. J. Super. 547, 133 A. (2d) 655, where a new trial was granted for remarks very similar to those involved here.

We have frequently held that the granting of a new trial for misconduct of counsel is a matter which rests largely in the discretion of the trial court and that we will not reverse unless the conduct is so prejudicial that it would be a miscarriage of justice to permit the result to stand. In this case the jury returned a verdict for defendant on the merits. It is unlikely that they would have found against plaintiff entirely as a result of the statements of defendant's counsel which have been complained of. If the verdict had been for plaintiff but in an insufficient amount, we would be more inclined to grant a new trial or take some corrective action. We have reluctantly come to the conclusion that we should not reverse the order of the trial court in this case for the reason that it does not appear that the statements would be so prejudicial that the jury would decide against plaintiff on the merits of the case. In so doing, we do not condone the conduct of either counsel. It is difficult for us to understand why experienced counsel will hazard the possibility of a reversal of a trial, otherwise free from error, by tactics which they must know are bound to be subject to the condemnation of this court. It is not enough to say that they were overzealous or did not know better. Even a cursory examination of the opinions of this court should be sufficient to disclose the fact that we do not approve of such tactics.[2]

Defendant has had printed a supplemental record dealing with the merits of the case and having nothing to do with the issue presented here. Disbursements for printing such record will be disallowed. Because of the fact that the appeal is based on the misconduct of defendant's counsel, statutory costs also will be disallowed. Otherwise the order is affirmed.

Affirmed.

---

[2]Cf. Ellwein v. Holmes, 243 Minn. 397, 68 N. W. (2d) 220.