[No. 36760.   Department Two.   August 6, 1964.]

ROY L. MILLER et al., Appellants, v. RALPH E. STATON et al., Respondents.*

*Reported in 394 P. (2d) 799.

George N. Apostol, for appellants.

B. E. Kohls, Brethorst, Fowler, Bateman, Reed & Mc-Clure, and Hancock & Kohls, for respondents.

FINLEY, J.—This is a personal injury action. It is now before this court on appeal for the second time. The facts and circumstances leading up to the injuries of the plaintiff-appellant Mary Miller are fully set out in *Miller v. Staton* (1961), 58 Wn. (2d) 879, 365 P. (2d) 333. Consequently, a brief summary of the facts will suffice as prologue to a consideration of the assignments of error which seem meritorious to us in the present appeal.

On New Year's Eve of 1957, the plaintiff and her husband, in common practice with many other Americans, were engaged in greeting the New Year at a party in a place of public accommodation, the "Pastime" Tavern, owned and operated by the defendants-respondents, at Omak, Washington. This particular New Year's Eve tavern party was open to the public. Obviously, it was not being held in a relatively swank and allegedly exclusive urban social club, but in a relatively popular social or gathering place in the expansive panoramic Okanogan country. The party, itself, was describable as crowded and exuberant—in fact, somewhat affected by the stock in trade offered for sale to the public by the *licensed premises*. The plaintiff was seated at a table with her back to the dance floor. About 2:20 a.m., a fight broke out between two gentlemen patrons of the establishment, who, after scuffling across the barroom dance floor, albeit somewhat unrhyth-

mically, lurched into the plaintiff's chair, and, quite unsociably to say the least, knocked her to the floor. The two gentlemen patrons of the establishment continued to fight above, over, and around her somewhat prone form on the tavern floor. Plaintiff was kicked and stepped on during the process, and the serious injuries she sustained as a result of the fracas are the subject of the present lawsuit.

The plaintiff's claim and this action for damages are based upon (1) the alleged negligence of the defendants in failing to provide proper police protection sufficient to maintain order and preserve the peace, and (2) the acts of an employee of the defendant (a waiter), who stood by watching the fight and made no effort to stop it before the plaintiff was injured.

The jury found for the defendants, and the plaintiffs appeal, setting out multiple assignments of error. Of these, mention need be made only of a few, as we find that the case must be reversed, and a new trial ordered. Three instances of error—two involving misconduct of counsel and one an improper instruction—have had, we think, the over-all effect of denying the plaintiff a fair trial.

The first instance of misconduct on the part of counsel for the defense occurred in cross-examination of the plaintiff. Following a thread of relevancy, which somehow escapes this court, the plaintiff was questioned concerning her acquaintance with a man back in the year 1930. The following colloquy took place:

"Q. In your relationship with Adam Cook, you just went together? A. Yes. Q. What was your address in Spanaway? A. Just Spanaway. Q. Did you have a street address? A. No, I did not. Q. What was Mr. Cook's address in Spanaway? A. He didn't live in Spanaway. Q. Where did he live? A. He lived in Tacoma. Q. You two didn't live together?"

Defense counsel offers no excuse for such a line of questioning, apparently relying upon his withdrawal of the question upon the objection of plaintiff's counsel and the instruction by the trial court that the jury was to disregard it. While such an instruction is, of practical necessity, often considered as effective in removing the prejudicial impact

of such improper questioning when standing alone, the incident must still be considered as a major element in the over-all decision as to whether the plaintiff received a fair trial before an impartial and unprejudiced jury.

A second incident of misconduct occurred during the defendant's closing argument to the jury. The following statements were made:

"... [T]hey are asking you to take my client for 48,000 bucks, plus medical expenses. Every dime, if you award that lady anything, *comes out of these peoples' pockets* and it is serious to them, too. They have worked all of their lives to build up a little business and now they are asking you to take it away from them like that (counsel snaps his fingers) on something I think is phony." (Italics ours.)

█ The statement that every dime of a judgment would come out of the defendants' pockets would seem rather close to telling the jury that the defendant had no liability insurance. It has been held reversible error so to inform the jury. *King v. Starr* (1953), 43 Wn. (2d) 115, 260 P. (2d) 351. The rule that an intentional injection of the issue of insurance will be reversible error must be administered with care, to the end of according reasonable latitude to the interpretation of statements made in the heat of trial and, subsequently, viewed only on a cold record, and with the aid of hindsight. Nevertheless, the presence of this type of statement in the record will alone lead this court to an extremely careful evaluation of the total approach or presentation to the jury, in terms of the fairness of the trial.

█ Now, with the foregoing in mind, a third improper matter was put before the jury in the form of a contributory negligence instruction. In essence, this instruction indicated to the jury that it could legally find the plaintiff guilty of negligence simply because of her presence in the tavern at a time when it was crowded with loudly celebrating people who had been drinking. Such is not the law. The instruction conflicts with the disposition of the previous appeal between these parties (*Miller v. Staton*,

*supra*), and unduly limits the scope of the established duty of the tavern operator toward the safety of his patrons. In order to justify the instruction, it would be necessary to find evidence of more plausible acts of negligence on the part of the plaintiff beyond merely being present in the tavern. As there was no evidence introduced upon which a jury could base a finding in this regard, it was error to so instruct them. *Jablinsky v. Continental Pac. Lines, Inc.* (1961), 58 Wn. (2d) 702, 364 P. (2d) 793.

■ The three instances of error set out above, considered in the light of their total effect upon the jury and the opportunity of the plaintiff for a fair trial, render it necessary to reverse this case and order a new trial. As further trial is necessary, one further assignment should be considered. The trial court excluded proffered evidence of an ordinance of the city of Omak which makes unlawful the selling of liquor after 1 a.m. Although the apparent violation of the ordinance present in this case would not amount to negligence per se, the jury is entitled to consider it in reaching its conclusions as to negligence and its disposition of the question of liability in this appeal.

On the basis of the above, the judgment is reversed, and a new trial is granted.

OTT, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.

December 1, 1964. Petition for rehearing denied.