Elmer M. MILLION, Evelyn M. Overstreet, and Audrey M. White, Trustees of Million Trust, and Elmer M. Million, Evelyn M. Overstreet, and Audrey M. White, individually and not as trustees, Plaintiffs in Error,

v.

Leonard RAHHAL and Sam Rahhal, a partnership doing business as Len's Men's Wear, Defendants in Error.

No. 41147.

Supreme Court of Oklahoma.

May 31, 1966.

Meacham, Meacham & Meacham, Clinton, for plaintiffs in error.

George C. Loving, Clinton, for defendants in error.

DAVISON, Justice.

The parties will be referred to as they appeared in the trial court.

The plaintiffs operate a mercantile store in Clinton, Oklahoma, known as Len's Men's Wear. They leased the lower floor of a two story building owned by the defendants for the use in the operation of their store. The upper story of the building had been unoccupied for several months prior to the incident involved here. During the early part of January, 1963, the weather in Clinton was cold and freezing conditions existed. The water pipes in the top floor of the building froze and burst. On the night of January 14, 1963, the frozen pipes in the upper floor thawed and caused water to flow from the broken pipes through the ceiling of the first floor. The stock of merchandise of the defendants was damaged by the water which poured from the second floor. In this action the plaintiffs seek damages to their stock of merchandise. A jury awarded the plaintiffs damages in the amount of $2,510.00 for damages to their stock of merchandise and for loss caused by interference to their business and the further sum of $775.00 for expenses incurred in repairing the premises. De-

fendants filed timely motion for new trial and prosecute this appeal from the overruling of said motion.

The most serious question presented in this appeal is the contention of the defendants that the trial court erred in overruling their motion for mistrial because of the testimony of one of the plaintiffs to the effect that plaintiffs had no insurance covering the claim.

One of the plaintiffs, testifying as a rebuttal witness as the last witness at the trial was being questioned by his attorney concerning a certain inventory of the damaged merchandise made by him and Mrs. White, a representative of the defendants, gave the following answers to the following questions:

"Q. Now then, after she got here did you and she start working on this inventory?

A. I asked her, I said 'Mrs. White, there is no insurance to cover this kind of claim.'"

Objections of the defendants to the answer were sustained. The court admonished the jury stating, "The jury will be asked to completely disregard that last statement of witness. It has no bearing whatsoever on the issues of this case for your consideration."

The court overruled the defendants' motion for mistrial.

The "no insurance" statement of the plaintiff was not responsive to the question he was asked. It appears to be a studied attempt to convey to the jury the fact that he had "no insurance" covering the loss.

This identical question was before this court in City of New Cordell v. Lowe, Okl., 389 P.2d 103, wherein citing a Texas case we said:

"Both of these cases cite the previous case of Rojas v. Vuocolo, 142 Tex. 152, 177 S.W.2d 962, whose facts are far different from the present case, but we think certain truths pointed out therein are applicable here. They would support reasoning that if proof, as an independent

fact, that a defendant has insurance, is improper, because it has no bearing on his liability and is calculated to injure him, then proof that a plaintiff has no protecting insurance, likewise, has no bearing on the matter of liability, and can only be calculated to create prejudice in his favor. * * *"

The court required the filing of a remittitur of a portion of the judgment in the above quoted case but under the facts and circumstances of that case a remittitur could be ascertained with reasonable judgment.

■ This court has held in several cases that the suggestions that one of the parties is protected by liability insurance whether accomplished by inadvertence or intentionally is improper and prejudicial. J. C. Penney Company v. Barrientez, Okl., 411 P.2d 841; City of New Cordell v. Lowe, supra; Pratt v. Womack, Okl., 359 P.2d 223; Redman v. McDaniel, Okl., 333 P.2d 500; M. & P. Stores v. Taylor, Okl., 326 P.2d 804.

In J. C. Penney v. Barrientez, supra, our most recent case involving the mentioning of insurance, the plaintiff, during her cross-examination by the attorney for the defendant, testified that a representative of the defendant told her to go see a doctor and defendant would pay for it as "they had insurance for that." This court held that although the reference to insurance was probably inadvertent it was prejudicial requiring a reversal of the case.

The mentioning of "no insurance" by the plaintiff in the present case occurred during his direct examination by his own testimony. It was perhaps not inadvertent. It was not responsive to the question propounded. Plaintiff simply voluntarily offered the testimony that "there is no insurance to cover this kind of a claim."

The prejudice created by a showing of the absence of insurance is likely to be greater than when the existence of insurance coverage is shown. Sympathy is one of the most controlling of human emotions.

In City of New Cordell v. Lowe, supra, this court said:

"Such information encourages sympathy for a party who presumably has no way of being reimbursed for his loss than by a favorable verdict."

The court quotes with approval from the Texas case of Rojas v. Vuocolo, 142 Tex. 152, 177 S.W.2d 962, saying:

"In the cited case, the Texas court characterized such evidence as 'a form of the inadmissible plea of poverty' ".

In Conrad v. Twin Oaks, Inc., Mo.App., 344 S.W.2d 286, the Missouri court said:

"A showing of no insurance under circumstances that make such a showing immaterial to any issue in the case is nothing more than a plea of poverty, and, as such, amounts to error, and ought not to be permitted."

In Haid v. Loderstedt, 45 N.J.Super. 547, 133 A.2d 655, the New Jersey court said:

"It seems to us that the prejudice suffered ordinarily by a plaintiff through the improper revelation of absence of insurance coverage by the defendant is likely to be even greater than when the disclosure of such protection of the defendant is injected by the plaintiff. Certainly it cannot be said to be less hurtful."

In the City of New Cordell v. Lowe, supra, this court quotes with approval the rule declared in two Texas cases, Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558, and Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811, as follows:

"It is ordinarily error for plaintiff to mention the fact in the presence of the jury that the defendant is insured against the liability which he is seeking to establish, or that he has no protecting insurance."

In Rojas v. Vuocolo, supra, the court said:

"Obviously, if proof, as an independent fact, that a defendant has insurance is

improper because it has no bearing on the independent questions of negligence and damages and is calculated to injure defendant, then proof that defendant has no protecting insurance is calculated for the same reason to injure plaintiff. That answer in either case is that the proof should not be heard because it is irrelevant and its consideration by the jury is calculated to work injury."

Under various factual situations courts have consistently held that any attempt to convey to the jury the fact that any of the parties are not protected with insurance coverage is improper. Mobile Cab & Baggage Co. v. Busby, 277 Ala. 292, 169 So. 2d 314; Wise v. Hayunga, 30 Ill.App.2d 324, 174 N.E.2d 399; Eastern Contractors, Inc. v. State, 225 Md. 112, 169 A.2d 430; Olson v. Prayfrock, 254 Minn. 42, 94 N.W. 2d 540; Haid v. Loderstedt, 45 N.J.Super. 547, 133 A.2d 655; Modern Electric Co. v. Dennis, 259 N.C. 354, 130 S.E.2d 547; Bloxom v. McCoy, 178 Va. 343, 17 S.E.2d 401; Miller v. Staton, 64 Wash.2d 837, 394 P.2d 799; Graham v. Wriston, 146 W.Va. 484, 120 S.E.2d 713.

■ This court holds that the prejudice created by the injection of the existence of insurance into the trial of a case is not necessarily cured by the admonition of the court to the jury to disregard it. Redman v. McDaniel, Okl., 333 P.2d 500; Pratt v. Womack, Okl., 359 P.2d 223; Dolliver v. Lathion, 183 Okl. 329, 82 P.2d 675; Hankins v. Hall, 176 Okl. 79, 54 P.2d 609.

The same rule is applicable to cases wherein information of "no insurance" coverage is conveyed to the jury. An admonition by the court to disregard the information is insufficient to cure the error. Haid v. Loderstedt, supra; Graham v. Wriston, supra.

This court in Beatrice Creamery Co. v. Goldman, 175 Okl. 300, 52 P.2d 1033, held that the design or purpose of the party "should be given little consideration in determining the question of the prejudicial effect of his declarations * * * That

such references are innocently made cannot mitigate the damaging effect thereof."

■ In this case the amount of the verdict was perhaps not excessive in line with the loss sustained. The question of liability was exceedingly close. There is no necessity for us to determine the correctness of the other issues at this time. There is no way to probe the minds of jurors and determine the effect the remark of plaintiff that he had no insurance covering the loss had upon the thinking of the jury. It could well have been the factor which tipped the scales in favor of plaintiff. Such information could easily have caused the jury to be sympathetic toward the plaintiff feeling that there was no way he could be reimbursed for his loss except by securing a verdict against the defendants. The error cannot be corrected by requiring a remittitur and the only way to alleviate the harm done to the defendant by the prejudicial remark of the plaintiff is to direct a new trial of this case.

Judgment of the trial court is reversed and the case remanded to the trial court for new trial.

JACKSON, V. C. J., and WILLIAMS, BLACKBIRD, BERRY, HODGES and LAVENDER, JJ., concur.

HALLEY, C. J., and IRWIN, J., dissent.

IRWIN, Justice (dissenting):

The motion for mistrial was lodged after both sides had rested and was as follows: "Comes now the defendants, and each of them, and move the court for a mistrial for the reason that the last witness testified he had no insurance."

The record does not disclose whether such motion was lodged within or without the presence of the jury.

Considering the admonition of the trial court and the time the motion for mistrial was lodged and the entire record, I am of the opinion that the judgment should be affirmed.

I therefore respectfully dissent to the opinion promulgated by a majority of my associates.

I am authorized to state that Mr. Chief Justice HALLEY concurs in the views herein expressed.