MILDRED AVERY, Plaintiff and Respondent, *v.* The CITY OF ANACONDA, a Municipal Corporation, Defendant and Appellant.

No. 11173.
Submitted May 12, 1967. Decided June 6, 1967.
428 P.2d 465.

Poore, McKenzie, Roth & Robischon, Butte, for appellant.

McKeon & Brolin, Anaconda, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment entered on a jury verdict after an order denying a new trial was made. The jury verdict was for $6,663.15.

On October 5, 1964, plaintiff tripped on a city sidewalk which had become cracked and uneven. She fell and sustained in-

juries. Two days later she reported the accident to the city clerk and written notice was filed.

Plaintiff sued for damages for injuries sustained as a result of the fall. She joined the City of Anaconda and Leonard Vainio, the owner of the Gnose Building. Ultimately the action against Vainio was dismissed on motion for summary judgment.

The defendant City of Anaconda is appellant and will hereinafter be referred to as the City.

The statement of issues contains fifteen separate items. Several of the issues concern conduct of counsel in certain respects that will not be separately discussed here, but in a new trial of the action counsel should take heed that the rules of conduct should be complied with.

The issue determinative of this appeal concerns activities in the selection of the jury.

A panel of twenty jurors was selected by the court. Counsel for Mrs. Avery then presented a motion to the court, in chambers, for authority to ask the prospective jurors the following question:

"Are you, or is any member of your family, a stockholder in the Glacier Insurance Company, a Montana corporation, with its main office in Missoula, Montana?"

The City objected and resisted the motion on the grounds that the facts which counsel for Mrs. Avery would seek to elicit by such a question do not constitute grounds for a challenge for cause under the law of Montana and, further, that such facts would not go to the disqualification of any of the jurors.

"THE COURT: I would like to have the record show the feeling of the court in this matter, and that is that the motion made by the Plaintiff as such should be denied, for it is the feeling of the court *that any such reference to insurance that the Plaintiff might make on voir dire might be reversible error;* however, general questions involving prospective jurors being investors in any insurance company *perhaps might not be,* and the court does not feel that that in itself would in any way

prejudice the jury in arriving at a verdict in this case, and feels that this is a proper question to prospective jurors."

Counsel for the City thereupon advised the court and counsel for Mrs. Avery that the City would object to any and all questions of this character, and that it would move for a mistrial in the event a question such as that described by the Court were asked of any prospective juror.

The first prospective juror examined by counsel for Mrs. Avery was Mrs. Anna Berry. Counsel for Mrs. Avery inquired:

"Q. Now, I am going to ask you if you or your husband are the investors in any insurance companies?"

At that time an objection was interposed by the City and a motion for mistrial presented. The motion was denied and the voir dire continued.

This same question was asked of each of the twenty prospective jurors. In some instances, counsel for Mrs. Avery would ask the question as the *last question of the prospective juror*. The purpose of such questioning was obvious, improper and completely prejudicial.

The law is well-settled in this state that the action of the lower court in permitting this type of questioning on voir dire was prejudicial and reversible error.

In Robinson v. F. W. Woolworth Co., 80 Mont. 431, 443, 261 P. 253, 257, this court denounced such a practice and held that if a timely objection is made the court must sustain the objection, and stated:

"* * * if objection had been made the first time the question [concerning business relations with an insurance company] was asked and we say now had that been done in this case the objection would have been valid, and, in that event, should have been sustained; *to have done otherwise, in such event, would have constituted prejudicial error.*" (Emphasis supplied.)

From the date of the decision in the Robinson case this court has consistently and currently held that the injection of insurance into a personal injury case is reversible error.

In Adams v. Misener, 113 Mont. 559, 131 P.2d 472, this court in quoting from the case of Tanner v. Smith, 97 Mont. 229, 33 P.2d 547, said:

" 'The rule is almost universally recognized that in actions for personal injuries or death the fact that the defendant is protected by indemnity insurance against liability for damages cannot, directly or indirectly, be injected into the case by evidence, argument or remarks, so as to influence the jury, and the violation thereof is ordinarily held to be reversible error.' [74 A.L.R. 849] In accordance with that rule, this court has often condemned the injection of the insurance feature into a personal injury case. Robinson v. F. W. Woolworth Co., 80 Mont. 431, 261 P. 253; Wilson v. Thurston Co., 82 Mont. 492, 267 P. 801; Wilson v. Blair, 65 Mont. 155, 211 P. 289, 27 A.L.R. 1235."

The obvious purpose in the questioning of the prospective jurors concerning insurance was to convey to the panel the information that the City of Anaconda was insured against the risk of Mrs. Avery's fall.

Counsel for Mrs. Avery was not content in his freedom to constantly inject insurance into the case. His examination of the panel on voir dire is contained in the transcript. Conduct of counsel in this examination of prospective jurors was irregular and prejudicial. He was permitted to make argumentative statements. He was permitted to insinuate prejudicial matters to the jury. He was permitted in effect to give testimony and present the contents of documentary evidence. Although objections were made to the conduct of counsel, at no time did the lower court admonish counsel or take any action to curb counsel's inflammatory actions.

Although conduct of counsel is rarely cited as grounds for the reversal of a trial court judgment by this court, this court has in the past taken such action. In the case of Ralph v. MacMarr Stores, 103 Mont. 421, 62 P.2d 1285, this court granted a new trial to the defendant upon the grounds of misconduct of

counsel which was very similar to the instant case. At page 437 of 103 Mont., page 1292 of 62 P.2d, the court commented that:

"[I]t is apparent that much prejudicial matter was called to the attention of the jury. Of course, no one can say how much, if any, effect this matter did have upon the minds of the jury when considering their verdict. We are convinced that enough prejudicial matter found its way to the jury to justify the belief that the result may have been affected thereby. *The cause should be tried in an orderly and legal manner and in accordance with recognized rules of court procedure.* In order that that end may be achieved a new trial will be necessary." (Emphasis supplied.)

By what we have said, the judgment is reversed, and a new trial granted. Since a new trial will be had, we will briefly comment on one other matter. The defendant sought to have one entry in a city book admitted into evidence. The trial court admitted it thus, but counsel for plaintiff, almost completely ignoring the court's ruling, finally managed to have the entire book displayed to the jury. We shall not comment further except to admonish counsel that recognized rules of court procedure must be followed.

The judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES DOYLE, ADAIR and JOHN CONWAY HARRISON concur.