No. 81-494

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

DANIEL M. SIOUX,

        Plaintiff and Counterclaim Defendant
        and Respondent,

    -vs-

CLIFFORD T. POWELL,

        Defendant and Counterclaim Plaintiff
        and Appellant.

Appeal from:  District Court of the Thirteenth Judicial District,
               In and for the County of Big Horn, The Honorable
               Robert H. Wilson, Judge presiding.

Counsel of Record:

    For Appellant:

        Kinnard & Woodward; Dave Kinnard, Billings, Montana

    For Respondent:

        Paul M. Warren, Billings, Montana

Submitted on Briefs:  April 15, 1982

Decided:  July 8, 1982

Filed:  **JUL 8 - 1982**

Thomas J. Kearney
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The respondent in this appeal is Daniel M. Sioux (Sioux) who at trial was the plaintiff and counterclaim defendant. The appellant is Clifford T. Powell (Powell) who at trial was the defendant and counterclaim plaintiff. After a jury trial, judgment was entered in the Thirteenth Judicial District, Big Horn County, in favor of Sioux awarding him $20,000, and against Powell on the counterclaim. From judgment Powell appeals raising the following issue:

Did the District Court err in allowing Sioux to testify that he did not have insurance?

We vacate and remand.

During the afternoon of September 26, 1979, Sioux was driving his 1979 Chevrolet one-ton truck south on Montana highway 314. The weather conditions were clear, and it had not rained in several days. Due to the dry conditions, the gravel road subjected vehicles travelling on it to a great deal of dust. Sioux was following a bookmobile and a pickup. The pickup passed the bookmobile, which increased the amount of dust, and it was suddenly out of this dustcloud that Sioux saw Powell's vehicle coming toward him.

Powell was travelling north on his way to Colstrip. He saw the pickup pass the bookmobile and then entered the resulting dustcloud. At approximately the same time as his vehicle cleared the rear of the bookmobile, he saw the Sioux vehicle coming toward him with no time to avoid it.

Following the head-on collision, both Sioux and Powell were transported by ambulance to the Sheridan, Wyoming, hospital for treatment. Sioux was treated for a broken nose and Powell for a broken hip and other minor injuries.

Sioux claimed damages including loss of earnings because he was unable to use his truck, which he used for the hauling of coal. Powell counterclaimed.

Prior to the commencement of the trial, counsel for Sioux indicated to the court in chambers that he intended to introduce evidence to the effect that Sioux did not have insurance to cover the accident. He claimed to offer this evidence on the basis that the defense would surely raise the issue of mitigation of damages and that he should be entitled to introduce evidence of non-insurance in rebuttal. He argued that "jurors who live in the State of Montana and who are required to have insurance on their vehicles are going to wonder why he did not purchase a new truck with the insurance money he got." The court allowed testimony concerning an attempt to purchase insurance so that Sioux could explain why he did not replace the truck and mitigate damages.

Out of the presence of the jury, the court stated:

> "The Plaintiff has raised the issue to the Court about the admissibility of the plaintiff's testimony concerning the fact that he did not have insurance on his pickup at the time it was destroyed or damaged extensively in this accident, and he is concerned about the effect that that may have on the issue of mitigation of damages, if he is not allowed to explain why he did not replace the pickup. The Court has considered that issue and will allow the Plaintiff to testify very briefly on that point to explain his position on it. I don't want you to go into it at length or make another big side issue on this case over it but I will allow the Plaintiff to explain briefly to the jury that he thought he had insurance, it ended up the insurance company didn't think so and he has got that problem, but in any event so wasn't about to replace it. I think he is entitled to do that on mitigation, and the record will show that that's over the objection of the defendant as I understand from previous discussion."

During the trial, Sioux was the first witness to testify. During direct examination, the following questioning occurred:

"Q. Now Danny, I direct your attention to September 26, 1979. Had you been using that truck for approximately a week before that time?

"A. Yes.

"Q. Did you in approximately a week before that time call an insurance agency in Forsyth, Montana?

"A. Yes.

"Q. And you did that by telephone, did you not?

"A. Yes.

"Q. And as a result of that phone call did you understand yourself to be insured, your new 1979 Chevrolet truck to be insured?

"A. Yes.

"Q. And at a later time the insurance company denied that, did they not?

"A. Yes?"

Sioux disclosed that he did not have any insurance on his truck -- not only that he did not have insurance with which to repair the truck.

Rule 411 of the Montana Rules of Evidence provides:

"Liability insurance. Evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness. (Underscoring added.)

"Commission Comments. The primary reasons for exclusion of evidence of insurance are its irrelevance, prejudicial effect, and potential misuse by the jury."

Sioux contends that it was proper to admit the evidence that he was not insured under the second sentence of the rule in that it was "offered for another purpose."

-4-

The insurance evidence that Sioux wanted dealt with insurance coverage to repair his own truck. This type of insurance is generally known as collision insurance. The Montana statutes do not require a vehicle owner to carry this type of insurance nor is it referred to in the rules of evidence statutes. A vehicle owner is required to carry and the rules of evidence refer to only liability insurance. Section 61-6-103, MCA; Rule 411. During Sioux's testimony, it was not only disclosed that he did not have collision insurance but also that he did not have liability insurance. No argument was made that there was any basis for disclosing that Sioux did not have liability insurance. Introduction of evidence of liability insurance is generally not admissible under Rule 411 or under Montana case law. State ex rel. Hereim v. District Court (1969), 154 Mont. 112, 460 P.2d 755; D'Hooge v. McCann (1968), 151 Mont. 353, 443 P.2d 747; Watkins v. Williamson (1957), 132 Mont. 46, 314 P.2d 872. None of the exceptions in Rule 411 apply here.

Injection of the fact that a defendant is protected by liability insurance has ordinarily been held to constitute reversible error. "Under Montana law it is not permissible to convey to the jury in a tort action that a defendant is protected by liability insurance. . . Ordinarily injection of the fact that defendant is protected by liability insurance into such a case, directly or indirectly, by evidence, argument, or remarks constitute reversible error." D'Hooge, 151 Mont. at 359-360, 443 P.2d at 750; Avery v. City of Anaconda (1967), 149 Mont. 495, 428 P.2d 465.

In Avery, the jury was made aware that the defendant carried liability insurance. This Court in reversing the case, stated:

"[I]t is apparent that much prejudicial matter was called to the attention of the jury. Of course, no one can say how much, if any, effect this matter did have upon the minds of the jury when considering their verdict. We are convinced that enough prejudicial matter found its way to the jury to justify the belief that the result may have been affected thereby. The cause should be tried in an orderly and legal manner and in accordance with recognized rules of court procedure. In order that that end may be achieved a new trial will be necessary." Avery, 149 Mont. at 499, 428 P.2d at 467.

The first sentence of Rule 411 specifically excludes evidence not only of the existence but also of the nonexistence of insurance against liability. Injection of the fact that a party was not protected by liability insurance has also been held in other jurisdictions to constitute reversible error. Rojas v. Vuocolo (1944), 142 Tex. 152, 177 S.W.2d 962; Haid v. Loderstedt (1957), 45 N.J. Super. 547, 133 A.2d 655; Million v. Rahhal (Okla. 1966), 417 P.2d 298.

In Million, 417 P.2d at 300, the Oklahoma court stated:

"The prejudice created by a showing of the absence of insurance is likely to be greater than when the existence of insurance coverage is shown. Sympathy is one of the most controlling of human emotions. In City of New Cordell v. Lowe [389 P.2d 103], this court said:

"'Such information encourages sympathy for a party who presumably has no way of being reimbursed for his loss than by a favorable verdict.'"

The court went on to state:

"There is no way to probe the minds of the jurors and determine the effect the remark of plaintiff that he had no insurance covering the loss had upon the thinking of the jury. It could well have been the factor which tipped the scales in favor of plaintiff. Such information could have easily caused the jury to be sympathetic toward the plaintiff feeling there was no way he could be reimbursed for his loss except by securing a verdict against the defendants. The error cannot be corrected by requiring a remittitur and the only way to alleviate the harm done to the defendant by the prejudicial remark of the plaintiff is to direct a new trial of this case." Million, 417 P.2d at 301.

We hold that the admission of evidence showing that the plaintiff Sioux was not insured was improper and constitutes reversible error. Evidence of the absence of insurance can be as prejudicial as evidence of the presence of insurance. As a result of this evidence, the jury in the present case could have concluded that Sioux was unable to purchase a new truck and mitigate his damages and also could have concluded that he would be unable to pay for repairs on his truck if the judgment were against him, and last that Sioux would not be able to pay a judgment against him if he lost on the counterclaim by the defendant. Because we are unable to determine the effect given by the jury to the prejudicial insurance evidence, the judgment for the plaintiff is vacated, and the case is remanded to the District Court for a new trial.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-7-