BARRY, APPELLANT, *v.* BADGER ET AL., RESPONDENTS.

(No. 3,817.)

(Submitted November 7, 1917. Decided November 21, 1917.)

[169 Pac. 34.]

*Master and Servant—Personal Injuries—Mine Accident—Negligence—Insufficiency of Evidence—Appeal and Error—Nonsuit—Correct Result—Wrong Reason—Review.*

Master and Servant—Mine Accident—Complaint—Evidence.
　　1.　In a personal injury action by employee against employer, the plaintiff, to be successful, must allege and prove (1) that defendant was

On liability of master for dangerous condition of earth and rock left after blasting, see note in 48 L. R. A. (n. s.) 925.

On applicability of *res ipsa loquitur* in case of injury to servant by fall of object, see note in L. R. A. 1917E, 201.

under a legal duty to protect him from the injury complained of; (2) that he failed to perform this duty; and (3) that the injury was proximately caused by defendant's delinquency; failure to show by direct or circumstantial evidence, the presence of any one of these elements constituting the cause of action, is fatal to plaintiff's case.

Same—Evidence—Insufficiency.

2. *Held,* in an action by a quartz miner to recover damages from his employer for injuries due to a fall of rock, that the evidence went no further than to show that plaintiff was in the employ of defendant and that he was injured by the fall, and was therefore under the rule *supra,* insufficient to fasten liability upon defendant because not showing any culpable omission on the part of the latter.

Same—Employer not Insurer—*Res Ipsa Loquitur.*

3. The employer is not an insurer of the safety of the employee, nor does the happening of the accident by which the latter is injured during the course of his employment, standing alone, furnish the basis for an inference of culpable negligence on the part of the former, except in cases where the maxim *res ipsa loquitur* applies.

[As to duty of master to servant, see note in 75 Am. St. Rep. 591.]

Appeal and Error—Nonsuit—Correct Result—Wrong Reason.

4. Where a nonsuit was properly granted, though upon an erroneous reason, the action of the trial court will nevertheless be affirmed.

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

ACTION by E. J. Barry against W. W. Badger, Robert F. Turnbull and others, copartners doing business under the firm name of Gold Reef Lease. From an order of nonsuit and denial of a new trial, plaintiff appeals. Affirmed.

*Mr. John A. Coleman,* for Appellant, submitted a brief; *Mr. M. M. Holzman,* of Counsel, argued the cause orally.

*Mr. Jesse B. Roote* and *Mr. H. C. Hopkins,* for Respondents, submitted a brief.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

In this action plaintiff seeks to recover damages for a personal injury, alleged to have been caused by the negligence of the defendants during the course of his employment by them as a miner. The defendants were copartners, under the firm name of the "Gold Reef Lease." They were engaged in the business of leasing and operating quartz mines in Fergus county, their

principal place of business being at Lewistown. In the year 1913 they held under lease and were operating the MacGinniss mine at Maiden. The plaintiff was employed by them as a miner. It is alleged in the complaint that the defendants failed and neglected to exercise ordinary care and diligence to provide the plaintiff with a reasonably safe place in which to work, whereby he sustained the injury complained of. The answer of the defendants consists of a general denial of the negligence alleged, and allegations of the defenses of assumption of risk and contributory negligence on the part of the plaintiff. The cause was tried in November, 1914. At the close of the evidence, the court granted defendants' motion for nonsuit, the grounds thereof being: (1) That the evidence failed to show that the defendants did not use ordinary care to provide the plaintiff with a reasonably safe place in which to work; (2) that the injury was due to one of the ordinary hazards of the employment assumed by the plaintiff when he entered the employ of defendants; and (3) that it appeared that the plaintiff was guilty of contributory negligence. The plaintiff has appealed from an order denying his motion for a new trial.

About thirty days prior to January 23, 1913, the plaintiff, in company with W. G. Allen, also employed by defendants as a miner, was assigned work in a stope in defendants' mine from which most of the ore had theretofore been removed. It was a large excavation, extending along the vein from west to east about twenty-eight feet. It was forty or fifty feet in height and about twenty feet in width from north to south at the widest portion of it. The north wall was in a porphyry formation. The south wall was in hard limestone. Ore was exposed in a vein in the north wall, down near the floor. In order to reach the ore in this vein it was necessary to clean up and remove from the floor a large amount of debris. The evidence does not disclose whether this debris consisted of ore or was merely waste which had been left there during the previous mining operations. Nor does it show whether it had resulted from blasting, or had fallen from above because of a process of slacking in the roof

or walls. A raise had been constructed from a tunnel in the lower workings up into this stope, coming through the floor near the foot of the wall on the south. This had been made use of as a chute in order to remove the ore and waste during mining operations in the stope. The floor sloped upward from the west toward the east. The face of the north wall was substantially perpendicular and comparatively smooth; the south wall was rough and uneven, and inclined from a perpendicular to the south. About twenty feet from the floor was an "overhang" extending horizontally along the face of this wall, which was referred to by the witnesses as a "bench." At a point several feet east of the mouth of the chute it projected out from the general surface of the wall to a distance of three or four feet. At this point it was supported by stulls. So far as the evidence discloses, there were no other supporting timbers in any part of the stope. Three or four days before that on which the accident occurred, plaintiff and Allen had finished removing the loose material and had begun to drive excavations into the exposed vein. They first began work together at a point opposite the chute. When the work had progressed somewhat they began to work separately, the plaintiff drifting along the vein toward the west and Allen toward the east. The morning was usually employed by them in cleaning up and removing the ore which they had blasted down during the previous afternoon. On the day of the accident they had cleaned up the result of the blasting on the day before and each was engaged in drilling a set of holes for blasting when they quit work for the day. The plaintiff was sitting on a box engaged in drilling, when a large boulder fell from somewhere above the projection or bench in the south wall. It first struck the bench, bounded off across the stope to the north wall, then dropped to the floor, and, rolling down the incline, caught the plaintiff and inflicted the injury of which he complains.

Aside from that showing the occurrence of the fall of the rock, no evidence was introduced tending to show whether the walls, or either of them, or the roof, should, in the exercise of

ordinary care, have been supported by timbers, or whether the stulls supporting the bench were not all the timbers required in any part of the stope. The plaintiff testified substantially as follows: That he had had twenty-five years' experience as a miner; that when he first entered the stope he looked it over as best he could without making a careful inspection of it; that the lime formation found in the mines of Fergus county was hard and solid, and, in places where he had worked, a few stulls here and there were usually all that were required in the way of timbering; that he had worked in stopes where no timbering was necessary because the lime was strong enough to stand without support; that such places were considered safe; and that there was nothing in this stope apparently different from others, nor anything unusual showing that it needed timbering. Allen was also an experienced miner. He had been employed in this kind of work for ten years. He testified that, when he and plaintiff began the work of removing the loose material, he called the attention of the defendant Young, who was superintending the mining operations of defendants, to some loose rock in the wall above the bench; that under Young's direction he took a crowbar and pried out and took down all that he thought was necessary—everything he thought dangerous—and that, back of what he took out, the wall appeared to be solid so that it would stand of itself. On cross-examination he made substantially the same statements, adding that when he took out the loose rock plaintiff was below in the stope and stood out of the way while he was engaged in doing it. These were the only witnesses who testified touching the condition of the walls of the stope and the nature of the ground. They made no statement to the effect that it was of such a character that it would slack and fall by reason of exposure to the air, or that a fall would likely be caused by blasting operations in the north wall as the work progressed. Neither expressed an opinion on this subject.

"It is elementary that, when the plaintiff seeks recovery for [1] actionable negligence, his complaint must allege facts showing these three elements: (1) That the defendant was under a

legal duty to protect him from the injury of which he complains; (2) that the defendant failed to perform this duty; and (3) that the injury was proximately caused by defendant's delinquency.  All of these elements combined constitute the cause of action; and if the complaint fails to disclose, directly or by fair inference from the facts alleged, the presence of all of them, it is insufficient, for it fails to state the facts constituting a cause of action." (*Ellinghouse* v. *Ajax Live Stock Co.*, 51 Mont. 275, L. R. A. 1916D, 836, 152 Pac. 481.)

It is equally elementary that the proof must correspond with the allegations, and that, unless it establishes them in their general scope and meaning, the cause of action is not made out. It is true the evidence may be either direct or circumstantial, but in any event it must be sufficient to show *prima facie* that in fact all the elements constituting the cause of action were [2] present.  The evidence in this record falls far short of this, in that it fails to show that the defendants omitted any precaution that ordinary care and diligence would have suggested as necessary to render the stope reasonably safe for the plaintiff while engaged in doing the work assigned him.  It goes no further than to establish the fact that the plaintiff was in the employ of the defendants and that he was injured by the fall of rock.

The master is not an insurer of the safety of the employee; [3] neither does the happening of an accident by which the employee is injured during the course of his employment, standing alone, furnish the basis for an inference of culpable negligence on the part of the master.  An exception to this general statement of the rule is where the dangerous instrumentality which causes the injury is exclusively in the control of the master. *Hardesty* v. *Largey Lumber Co.*, 34 Mont. 151, 86 Pac. 29, and *Callahan* v. *Chicago etc. Ry. Co.*, 47 Mont. 401, 47 L. R. A. (n. s.) 587, 133 Pac. 687, are illustrative cases. Under such circumstances, the happening of the accident raises the presumption of negligence on the part of the master and casts upon him the burden of showing that he was without fault;

in other words, the happening of the accident by reason of the employment of the instrumentality implies negligence on the part of the master, and in the absence of some explanation on his part, showing that he was without fault, a case is made sufficient to justify an award of damages to the injured employee. This doctrine has no application to the instant case.

From a memorandum opinion by the district judge accompanying the order granting the nonsuit, it appears that he entertained the view that the evidence discloses that at the time of the accident the plaintiff and Allen were engaged in creating the place in which they were at work; that under these circumstances they had assumed the risk of any injury likely to result to them, or either of them, by reason of a fall of rock caused by their operations, as one of the ordinary risks incident to the employment; and hence that the evidence failed to establish culpable negligence on the part of the defendants. Counsel insists that this view was erroneous and that for this reason plaintiff is entitled to a new trial. To support his contention, he cites, among other cases, *Kelley* v. *Fourth of July Min. Co.*, 16 Mont. 484, 41 Pac. 273, *Allen* v. *Bear Creek Coal Co.*, 43 Mont. 269, 115 Pac. 673, and *McInness* v. *Republic Coal Co.*, 49 Mont. 112, 140 Pac. 235. It must be conceded that the theory adopted by the court was erroneous. It does not follow, however, that a new trial must be awarded for this reason. All the cases cited by counsel proceeded upon the theory that there was substantial evidence showing that the defendant employer had omitted precautions which were manifestly necessary in the exercise of ordinary care to guard the safety of the employee. As we have pointed out above, the evidence in this record does not show [4] any culpable omission by the defendants. Hence, though the reason for granting the nonsuit was erroneous, plaintiff was not prejudiced by the ruling, and therefore is not entitled to a new trial.

The order is affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.