MARKINOVICH, RESPONDENT, *v.* NORTHERN PACIFIC RY. CO. ET AL., APPELLANTS.

(No. 3,919.)

(Submitted June 17, 1918.   Decided July 1, 1918.)

[174 Pac. 183.]

*Personal Injuries—Master and Servant—Insufficient Number of Employees—Burden of Proof—Proximate Cause—Failure of Proof—Erroneous Instruction.*

Personal Injuries—Master and Servant—Insufficient Number of Employees—Burden of Proof.
  1.  In an action by a laborer against his employer for negligent failure to detail a sufficient number of men to move a heavy plate, resulting in its fall and plaintiff's injury, the burden was upon the latter to show that the negligence alleged was the proximate cause of his injury.
    [As to proximate and remote causes of injury from negligence, see notes in 50 Am. Rep. 569; 36 Am. St. Rep. 807.]

Same—Proximate Cause—Failure of Proof.
  2.  Plaintiff, a laborer, with four others, was directed to move a steel plate weighing 600 pounds, three being in front with their backs to it and plaintiff and another behind, facing it; in going up a slight incline, the men behind failed to push it forward; the plate slipped out of the hands of the men in front and injured plaintiff.  The evidence showed that the plate was not too heavy for five men to carry.  *Held*, that the proximate cause of the injury was not the excessive weight of the plate—as charged by plaintiff—but the clumsy method in handling it employed by him and his coemployees.

---

As to duty of master to provide sufficient help, see notes in 48 L. R. A. 392; 17 L. R. A. (n. s.) 773; 40 L. R. A. (n. s.) 913.
  On liability of master for failure of foreman to designate enough hands to perform work, see note in 40 L. R. A (n. s.) 918.

*Same—Manner of Doing Work—Master's Liability.*
    3. The master is not responsible for injuries to his servants which result proximately from the manner in which they perform a task allotted to them, this being a matter of detail which he may rightly leave to their judgment and discretion.

*Same—Master not Insurer—Erroneous Instruction.*
    4. An unqualified instruction that it was the duty of defendant to provide sufficient number of men to perform the task in hand was erroneous, as constituting the master an absolute insurer of the safety of his servant.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by Robert Markinovich against the Northern Pacific Railway Company, a corporation, and J. L. Wester. From a judgment for plaintiff, and an order denying their motion for new trial, defendants appeal. Reversed, and cause remanded with directions to enter judgment for defendants.

*Messrs. Gunn, Rasch & Hall* and *Messrs. Walker & Walker,* for Appellants, submitted a brief; *Mr. Carl Rasch* argued the cause orally.

It stands admitted and conceded upon the record that an ample force had been provided for the doing of the work and of every detail thereof, and if by inadvertence or mistake of judgment the foreman in this instance failed to assign a sufficient number of men to carry the plate, it was not negligence for which the defendant company could be held responsible. (4 Labatt on Master & Servant, par. 1528; *Dair* v. *New York etc. Steamship Co.,* 204 N. Y. 341, 40 L. R. A. (n. s.) 918, 97 N. E. 711; *Worlds* v. *Georgia R. Co.,* 99 Ga. 283, 25 S. E. 646; *Hilton* v. *Fitchburg R. Co.,* 73 N. H. 116, 68 L. R. A. 428, 59 Atl. 625; *Dill* v. *Marmon,* 164 Ind. 507, 69 L. R. A. 163, 73 N. E. 67.) If the plate was, as a matter of fact, too heavy for safe handling by the men assigned, and the plaintiff was injured by reason of that fact, responsibility for his misfortune cannot be imputed to the employer. All the cases so hold practically without a dissent. (*Stenvog* v. *Minnesota Transfer Ry. Co.,* 108 Minn. 199, 17 Ann. Cas. 240, 25 L. R. A. (n. s.) 362,

121 N. W. 903; *International etc. Ry. Co.* v. *Figures,* 40 Tex. Civ. 255, 89 S. W. 780; *Haviland* v. *Kansas City etc. R. Co.,* 172 Mo. 106, 72 S. W. 515; *Haywood* v. *Galveston etc. Ry. Co.,* 38 Tex. Civ. 101, 85 S. W. 433; *Walsh* v. *St. Paul etc. Ry. Co.,* 27 Minn. 367, 8 N. W. 145; *Sainis* v. *N. P. Ry. Co.,* 87 Wash. 18, 151 Pac. 93.)

The legal duty of the defendants did not impose upon them the obligation to exercise any higher degree of care for the safety of the plaintiff and his coworkers under the circumstances than the plaintiff and his associates were using themselves. As it was the duty of the plaintiff to take appropriate care of himself for his own safety, and not to expose himself to unnecessary risk or danger, the defendants had a right to assume that he would do so, and they were justified to act on that assumption. (*Dunlap* v. *Barnaby Mfg. Co.,* 148 Mass. 51, 18 N. E. 599; *Way* v. *Chicago etc. Ry. Co.,* 76 Iowa, 393, 41 N. W. 51; *White* v. *Owosso Sugar Co.,* 149 Mich. 473, 112 N. W. 1125; *Turner* v. *Missouri etc. R. Co.,* 45 Tex. Civ. 650, 119 S. W. 719.)

*Messrs. William* and *Harry Meyer,* for Respondent, submitted a brief; the former argued the cause orally.

The question whether or not a sufficient number of men had been employed and were adequate for the work to be performed, and whether or not the plaintiff, under the circumstances as shown in this case, was guilty of contributory negligence or assumed the risk, was for the jury. (*Coughlan* v. *Philadelphia, B. & W. Ry. Co.,* 6 Penne. (Del.) 242, 67 Atl. 149; *Louisville & N. R. Co.* v. *Shelburne* (Ky.), 117 S. W. 303; *Bokamp* v. *C. & A. Ry. Co.,* 123 Mo. App. 270, 100 S. W. 689; *Peterson* v. *American Grass Twine Co.,* 90 Minn. 343, 96 N. W. 913; *Sulzberger & Sons* v. *Hoover* (Okl.), 149 Pac. 887; *Suniga* v. *Atchison etc. Ry. Co.,* 94 Kan. 201, 146 Pac. 364; *Central etc. Gas. Co.* v. *Salyer,* 164 Ky. 718, 176 S. W. 183; *Texas Power & Light Co.* v. *Burger* (Tex. Civ.), 166 S. W. 680; *James S. Kub & Co.* v. *Jajko,* 224 Ill. 338, 79 N. E. 577;

*Graham* v. *Dillon* (*Fitter* v. *Iowa Tel. Co.*), 144 Iowa, 82, 121 N. W. 48; *St. Louis etc. Co.* v. *Gennings*, 114 Ark. 574, 170 S. W. 90; *Titus* v. *Anaconda C. M. Co.*, 47 Mont. 583, 133 Pac. 677; *Pascoe* v. *Nelson & Peterson*, 52 Mont. 405, 158 Pac. 317.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In October, 1914, the Northern Pacific Railway Company was engaged in constructing a passageway under its tracks in the yard at Glendive. In the course of the work it became necessary to move an iron or steel plate a distance estimated at from 100 to 200 feet, and to place it in position for use. The plate was about forty-four inches square, something more than an inch in thickness, and weighed 600 pounds, or thereabouts. Wester, the foreman in charge, detailed five men, including plaintiff, to do the work. After the plate had been carried about fifty feet, the men in front let their end fall, with the result that plaintiff—one of the two men carrying the rear end —received a blow in the abdomen which caused the injury of which he complains. He brought this action to recover damages from the railway company and the foreman, and charged them with negligence in failing to detail a sufficient number of men to perform the task properly. He prevailed in the lower court, and defendants appealed from the judgment and from an order denying their motion for a new trial.

1. There is a sharp conflict in the evidence throughout, but [1, 2] for present purposes we have adopted plaintiff's theory generally. Our labors are greatly simplified by the frank statement of plaintiff's counsel, in their brief, to the effect that the evidence offered by plaintiff establishes that the weight was not too great for him, that he could have sustained it, that he did not know at the time he received the injury that it was too heavy for the five men, and "that the injury was caused by the weight slipping out of the hands of two or three of the men on the other side of the place, and was due to their fault alone." These conclusions from the evidence, except the last one, are not

merely justified, but are commanded. The evidence in effect is that, when the five men reached the plate, three of them seized it by the front end, with their backs to the plate and their hands behind them, the edge of the plate resting in the palms of their hands; that plaintiff and Bosick took hold of the edge of the rear end, their faces toward it and their hands in front of them; that in this manner they carried the plate about fifty feet, until they started up a slight incline, when, the two men behind failing to push forward on the plate, it slipped out of the hands of the three in front, and the front end fell to the ground.

Appellants contend that upon this testimony plaintiff should be held to have assumed the risk. If it were necessary to dispose of this contention in order to determine the controversy, we should be inclined to say that the facts of this case bring it within the general rule adverted to in *Sorenson* v. *Northern Pac. Ry. Co.*, 53 Mont. 268, 163 Pac. 560, and not within the exception applied in that case; but our view of the evidence renders it unnecessary to consider the question of assumption of risk.

It is a serious question whether the evidence is sufficient to establish negligence, even under the rule of absolute liability, erroneously adopted by the trial court. There is not a suggestion in the record, or an inference that can be drawn from it, that, if six or seven men had been engaged upon the task, the same result would not have happened, if they arranged themselves about the plate in the same general manner that these five men did. There were many other employees of the company present, but not one of these five men complained that the burden was too great for the number of men assigned to carry it. The plate was moved by them fifty feet or more without apparent difficulty, and no request for assistance was made. Plaintiff and one other man carried the rear end, and plaintiff did not know that the burden was too great. But if we assume that in point of fact the burden was too great for the number of men assigned to carry it, and that under the rule announced by the court the defendants were negligent, still the burden

was upon the plaintiff to show that such negligence was the proximate cause of his injury, and in this respect he failed. His injury did not result from strain or overexertion, but from the fact that the three men in front allowed their end of the plate to fall. It is apparent, then, that whatever caused the fall was the proximate cause of the injury; but neither plaintiff nor any one of his witnesses testified that the excessive weight of the plate caused the fall, and there are not any facts disclosed from which such an inference can be drawn. There is but one conclusion deducible from the plaintiff's case, *viz.,* that the great weight was not the cause of the fall, but that the plate fell as the result of the clumsy method employed by the men in handling it and the failure of plaintiff and Bosick to keep it forward sufficiently to prevent it slipping from the hands of the three men in front. The manner in which the men should [3] carry the plate—their arrangement of themselves about it—was a mere detail of their work which the master was justified in leaving to their own judgment and discretion.

It is elementary that the master is not responsible for an injury to his servant which results proximately from the manner in which the servants do their work. He is not required to supervise the disposition of his working force in carrying out the details of the employment, any more than he is required to direct the workmen in the use of simple tools and appliances. (4 Labatt on Master & Servant, sec. 1528.) The trial court should have directed a verdict for the defendants, as it was requested to do.

2. In passing, we call attention to instruction No. 3, given, [4] as follows: "You are instructed that in this case it was the duty of the defendant Northern Pacific Railway Company to provide a sufficient number of servants to perform the work of lifting and carrying the iron plate in question with reasonable safety."

The rule which measures the master's duty has been stated and restated so often that it would seem impossible that any controversy over it could arise at this late date. He is required to exercise reasonable care to furnish a reasonably safe place

for work, reasonably safe appliances, reasonably competent fellow-servants, *etc.* As applied to the facts of this particular case, the utmost that the law exacted of these defendants was that they exercise reasonable care to provide a sufficient number of men to move this plate with reasonable safety. *Kelley* v. *Cable Co.*, 8 Mont. 440, 20 Pac. 669, *McCabe* v. *Montana Central Ry. Co.*, 30 Mont. 323, 76 Pac. 701, *Kallio* v. *Northwestern Imp. Co.*, 47 Mont. 314, Ann. Cas. 1915A, 1228, 132 Pac. 419, and *Morelli* v. *Twohy Bros.*, 54 Mont. 366, 170 Pac. 757, are a few of the many cases decided by this court during the past thirty years in which the rule is stated. Not only has this court repeatedly called attention to the fact that the master is not an insurer of the safety of his employee, the most recent case being *Barry* v. *Badger*, 54 Mont. 224, 169 Pac. 34, but we have frequently directed attention to instructions couched in language like the one under review, and have pointed out the error —that by such an instruction the master is made an absolute insurer. (*Leonard* v. *City of Butte*, 25 Mont. 410, 65 Pac. 425; *Anderson* v. *Northern Pac. Ry. Co.*, 34 Mont. 181, 85 Pac. 884; *Fearon* v. *Mullins*, 35 Mont. 232, 88 Pac. 794.) Under instruction 3 the railway company was compelled to have in its service a foreman infallible in his judgment and in the exercise of his functions as vice-principal, or pay the penalty in damages for any injury to its employees. It is true that courts and text-writers, in referring to the rule by way of argument, frequently employ inept language; but, whenever it becomes necessary to state it, there is no difference of opinion.

A decision of the other question presented by appellants is unnecessary, and we decline to consider it at this time.

The judgment and order are reversed, and the cause is remanded, with directions to enter judgment for defendants.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.

Motion for rehearing denied October 21, 1918.