ROBERT RICK D'HOODGE, Plaintiff and Respondent, v. JAMES McCANN, SR. and JAMES McCANN, JR., Defendants and Appellants.

No. 11378.
Submitted March 7, 1968. Decided July 12, 1968.
443 P.2d 747.

Jardine, Stephenson, Blewett & Weaver, Great Falls, for appellants. L. Morris Ormseth, argued, Great Falls.

Hoyt & Bottomly, Great Falls, for respondent. Richard V. Bottomly, argued, Great Falls.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

This is an appeal by defendants from a judgment for plaintiff in the sum of $47,000 rendered upon a jury verdict in a personal injury action in the district court of Blaine County.

Plaintiff is Robert Rick D'Hoodge, a twenty-year old ranch hand employed by defendants, who sustained severe burns in the course of his employment while cleaning the engine block on a tractor. He was using a wall paper brush and a pail of gasoline furnished by his employer to accomplish this job when a fire suddenly broke out. Defendants are James McCann, Sr. and James McCann, Jr., father and son, who operate a ranch about five miles east of Harlem where the accident occurred.

Plaintiff was a high school graduate who had been employed by defendants as a ranch hand for seven or eight months prior to the accident forming the basis of the instant case. He had displayed some mechanical ability and was frequently assigned to cleaning and repairing farm machinery. As a result of this work, as well as four years of vocational agriculture courses in high school, previous experience assisting his father who was a mechanic in a commercial garage in Harlem, and some previous work on another ranch, he had learned that certain safety precautions must be taken when gasoline is used to clean machinery including no smoking, doing the cleaning in the open air, not doing it around live wires, not putting gasoline on a hot motor, and not using a wire brush for cleaning with gasoline; he also knew that there was a safer commercial solvent than gasoline for such cleaning and had used it to clean

parts in his vocational agricultural classes and at the commercial garage where his father worked; he did not mention this commercial solvent to defendants. Defendants were not aware of a safer commercial solvent for cleaning nor of its availability in the area. Defendants furnished gasoline and various brushes for this purpose, knew that their employees were using them to clean and repair machiner, used them for such purposes themselves, and indicated this was a customary practice on ranches in their area.

Defendant McCann, Jr., a 37 year old man at the time of the trial, had been engaged in active operation of the ranch where the accident occurred for six years prior to the accident. This was a 30,000 acre ranch on which they ran 3,500 to 4,000 sheep, 100 cattle, and farmed some irrigated grain land. They employed an average of 3 or 4 ranch hands the year around. McCann, Jr. was a college graduate with a Bachelor of Science degree in agriculture. During his high school education he had taken a course in vocational agriculture and in college had studied farm and ranch management, vocations agriculture, vocational engineering, farm machinery, chemistry and physics.

During the afternoon of June 5th, 1965, plaintiff was engaged in repairing a tractor on a concrete slab in an open area in the yard of the ranch. He had taken the head off the engine, procured a wall paper brush from the rack, a pail which he filled with gasoline, and was dipping the brush in the gasoline and brushing it over the top of the engine block preparatory to installing a new head gasket. After two or three applications, a fire suddenly broke out over everything including himself. Plaintiff tried to put out the fire by rolling on the ground which proved ineffective, so he ran to a chicken bath about fifty feet away, jumped in, and extinguished the flames. Plaintiff sustained extensive burns as a result of this accident.

Plaintiff filed suit against defendants based on defendants' negligence consisting of a breach of duty on their part by reason of their failure to provide safe appliances, equipment

and materials for use of their employee in cleaning and repairing farm machinery. Defendants denied any negligence on their part and claimed contributory negligence and assumption of risk on the part of plaintiff employee barring any recovery by him. Jury trial was held in the district court of Blaine County. Evidence introduced at the trial in addition to the facts set forth above indicated that diesel fuel and stove oil were also available at the ranch for cleaning machinery but were considered unsatisfactory for that purpose; that the engine block on the tractor was not hot when gasoline was applied with a brush; that plaintiff had not spilled gasoline on his clothes prior to the fire. The only explanation as to the cause of the fire was expert opinion evidence in response to a hypothetical question by Donald Fotheringham, a Canadian petroleum engineer, who suggested that the fire could have been caused by a static spark created by agitation of gasoline in the pail on removal of the wall paper brush therefrom. Evidence also indicated that plaintiff was unaware of static electricity causing combustion of gasoline vapors or of the risks, dangers or hazards of igniting a gasoline fire in this manner.

During the course of trial defendants moved for a mistrial when plaintiff, in response to a general question by his own counsel on re-direct examination, mentioned insurance. The trial judge cut off his testimony, struck it, admonished the jury to ignore it, and denied defendants' motion for a mistrial.

At the conclusion of all of the evidence, defendants moved for a directed verdict which was denied. Following an 8-4 jury verdict for plaintiff heretofore mentioned and subsequent denial of defendants' motion for new trial, defendants appealed from the judgment.

Although defendants present four issues for review and plaintiff, although not appealing, presents four additional issues for review by way of claimed compensating error, it is unnecessary to discuss each individually. In our view there

are only two basic questions necessary to determination of this appeal: (1) does the reference to insurance constitute reversible error under the circumstances disclosed in the instant case? (2) is plaintiff entitled to judgment as a matter of law? We will also briefly discuss the matter of jury instructions.

On the issue of injection of insurance into the case, plaintiff's counsel during the course of his examination of the plaintiff's attending physician, offered in evidence a medical bill of the Havre Clinic for medical services rendered the plaintiff. On the face of this medical bill was shown a partial payment by an insurance company. Defendants objected to its admission in evidence "on the grounds it contains extraneous material which is improper and irrelevant" and the court sustained this objection. Thereupon the following colloquy occurred between the court, plaintiff's counsel, and defendants' counsel:

"THE COURT: Are you willing to stipulate that the full amount of the bill was $858.00?

"MR. ORMSETH: That is correct.

"MR. HOYT: Is my offer of proof to admit this in evidence denied?

"THE COURT: In the present form, yes.

"(by Mr. Hoyt)

"Q. Have you been paid a part of your bill? A. I don't know.

"Q. Doctor, is this bill on the official paper of the Havre Clinic? A. Yes, sir.

"THE COURT: You are not going to get it in in that form so there is no use in fussing around with it."

Later during redirect examination of the plaintiff by his counsel the following transpired:

"Q. Did you learn the responsibility of a rancher while in Vo-Ag? A. Yes.

"Q. What did you learn? A. Agricultural insurance was

studied and under this I understand that if a ranch couldn't withstand a loss he should have insurance and then—

"THE COURT: Wait a minute. Strike that all out. You are cautioned about making such statements as that and your counsel is cautioned about letting you, he knows better. Ladies and gentlemen of the jury you are instructed to ignore that last answer, it has been stricken from the record.

"MR. ORMSETH: I will ask for a mistrial.

"THE COURT: You are not going to ask for a mistrial, the jury was warned about the statement made just now. You know I ruled out that kind of testimony that you tried to get in on the Deaconess Hospital Bill (sic) and now your (sic) trying to get it in again.

"MR. HOYT: I was trying to pursue a subject which was opened by defense counsel.

"THE COURT: Yes, and you had your witness pretty well coached to what he was saying.

"MR. HOYT: No further questions.

"MR. BOTTOMLY: Your Honor, in connection with that last comment, we want to have the record show that we do take exception to it.

"THE COURT: You can take exception to anything I do during the course of this trial, and you can also take exception to the way I look.

"MR. BOTTOMLY: We have no exception to that.

"THE COURT: That is all you have from this witness?

"MR. HOYT: Yes."

Plaintiff's testimony quoted above is clearly inadmissible. Under Montana law it is not permissible to convey to the jury in a tort action that a defendant is protected by liability insurance (subject to exceptions not pertinent to the instant case). Watkins v. Williamson, 132 Mont. 46, 314 P.2d 872; Johanek v. Aberle, D.C., 27 F.R.D. 272. Ordinarily injection of the fact that defendant is protected by liability insurance into such a case, directly or indirectly, by evidence,.

argument, or remarks constitutes reversible error. Avery v. City of Anaconda, 149 Mont. 495, 428 P.2d 465; Adams v. Misener, 113 Mont. 559, 131 P.2d 472; Vonault v. O'Rourke, 97 Mont. 92, 33 P.2d 535.

Plaintiff argues that the statement involved here does not indicate that defendants are protected by liability insurance and states in his brief that the words actually used were "agricultural insurance" which to most people's minds refers to hail insurance and the like. We are unimpressed with this argument.

Certain circumstances in this case indicate the general rule heretofore stated should be applied to the instant case. In our view the record discloses a repeated attempt to inject the insurance feature into the case, the aboslute minimum number of jurors concurring in the verdict, a substantial award of damages, and colloquy between plaintiff's counsel and the court so forcefully spotlighting the insurance feature that members of the jury could scarcely miss the point. We are convinced that in view of these circumstances there is justification for our belief that the verdict may well have been affected thereby. We are equally convinced that the striking of the testimony by the court and its admonition to the jury to disregard it fell far short of curing the prejudicial effect under the circumstances disclosed here. Accordingly, we hold that plaintiff's own inadmissable testimony suggested that defendants were protected by liability insurance and that the same constitutes reversible error under the circumstances of this case.

Having found reversible error herein, should this case be remanded for a new trial or are the defendants entitled to judgment as a matter of law? Defendants claim they are entitled to judgment as a matter of law because: (1) they were not negligent in that they followed customary farm practices in using gasoline to clean farm machinery, that they did not know of a safer solvent for this purpose, and that they exercised that degree of care of an ordinarily prudent man in furnishing

tools, appliances and materials for use of their employees in their work; (2) that if they were negligent in providing gasoline for use in cleaning farm machinery, plaintiff was contributorily negligent in so using it in that he was required to use his own intelligence to avoid danger from his employment, that he knew of a safer solvent and didn't bring it to his employers' attention, and that other safer solvents were available for his use on his employers' premises; and (3) that plaintiff assumed the risk of injury resulting from the use of gasoline to clean farm machinery in that he assumed not only the ordinary risks of his employment but the extraordinary known risks of his employers' negligence.

It can not be said as a matter of law that defendants were not negligent. The duty they owed their employee was to exercise that degree of care of an ordinarily prudent man engaged in the same business in furnishing tools, appliances and materials for use in his work and breach of that duty constitutes negligence. Cummings v. Reins Copper Co., 40 Mont. 599, 107 P.904. Negligence is ordinary a jury question and it is only where the facts admit of but one conclusion that it becomes a matter of law. Although an employer is not an insurer of the safety of his employee (Barry v. Badger, 54 Mont. 224, 169 P.34) and is not required to use the safest devices used by other to accomplish the same purposes (Cummings v. Reins Copper Co., supra), neither is he absolved from negligence as a matter of law by following the customary practice of other farmers in the locality of using gasoline to clean farm machinery. Kinsel v. North Butte Mining Co., 44 Mont. 445, 120 P. 797. Nor can we say as a matter of law that defendants' lack of knowledge of a safer commercial solvent for cleaning farm machinery which was readily available in the community at a comparable price to gasoline did not constitute negligence. (See Restatement, Agency 2d., § 495, (c)). For the foregoing reasons we hold that the absence of negligence on the part of defendants is not established as a matter of law.

▮▮▮ Neither is plaintiff's contributory negligence established as a matter of law. Just as the employer is not negligent as a matter of law in failing to furnish the safest materials to his employee for the performance of his work, neither is the employee negligent as a matter of law in using materials furnished by the employer that are less safe than others not furnished. However, defendants argue that if they are negligent under given circumstances in furnishing gasoline for use in cleaning parts of farm machinery, plaintiff is equally negligent in using it for such purpose under the same circumstances. This argument is based on the assumption that the employer's duty and the employee's duty are the same in a given factual situation. While the conduct of both is measured against the standard of ordinary care of a reasonably prudent person, the employer's duty is that of ordinary care of a reasonably prudent employer in the same business in the same locality while the employee's duty is that of a reasonably prudent employee under like circumstances.

▮▮▮ Under the evidence in the instant case, it is clearly a jury question as to whether plaintiff acted as a reasonably prudent employee would act under the circumstances. Although the jury could find that plaintiff did not so act, they could also find that he did. Under the evidence the jury could find that although plaintiff knew of a safer solvent for use in cleaning parts on farm machinery, it was not furnished by defendants; that the only available substance furnished by defendants that would do the job was gasoline; that in thus using gasoline plaintiff, as a reasonably prudent employee, considered it perfectly safe for this purpose if he observed the various precautions that were in fact taken by him; that the gasoline in fact burst into flames and enveloped him because of ignition from a latent source unknown to him. Because more than one reasonable conclusion is possible from the evidence, contributory negligence is not established as a matter of law.

Nor did plaintiff assume the risk of injury to himself resulting from his use of gasoline to clean the engine of the tractor as a matter of law for much the same reasons. Although assumption of risk is governed by the subjective standard of the plaintiff himself rather than the objective standard of the reasonable man (Prosser, Law of Torts, 3rd Ed., P. 454 and cases cited therein), four elements must be proven by the employer in order to establish assumption of risk by the employee: (1) knowledge, actual or implied, of the particular condition; (2) appreciation of this condition as dangerous; (3) a voluntary remaining or continuing in the face of the known dangerous conditions; (4) injury resulting as the usual and probable consequence of this dangerous condition. (Wollan v. Lord, 142 Mont. 498, 385 P.2d 102.) From what has been said heretofore, a jury could find the plaintiff did not consider gasoline to be dangerous when used for the purposes he used it upon observance of the precautions he observed and therefore can not be said to have assumed a risk of which he was not aware.

For the foregoing reasons, the liability of defendants is a jury question and defendants are not entitled to judgment as a matter of law.

One final comment on the jury instructions. We have examined court's instructions Nos. 7, 11 and 14 which defendants assign as error. Instruction No. 7 is a proper instruction under the evidence at the trial and is a correct statement of the law. As to instruction No. 11, the first three paragraphs are a correct statement of the law and applicable under the evidence presented in the case, but the fourth paragraph is misleading. The last paragraph should either be omitted or should be completed by stating that in addition to the servant assuming such risks as are inherent in his work after the matter has exercised ordinary care in providing safe working condition, that the servant also assumes risks known to him resulting from the employer's negligence. As to court's in-

struction No. 14, the second paragraph is clearly inapplicable to this case in that it refers to furnishing the servant with a reasonably safe place to work which is not an issue in this case. Our attention has also been directed to court's instruction No. 33 by plaintiff's claim of compensating error. We find that the second paragraph of this instruction is in error in that the words "in itself" are omitted changing the entire meaning thereof and constituting an incorrect statement of law. The second paragraph of that instruction should read as follows: "If at the time tools, materials and appliances are selected, they are in general use and reasonably adapted for the purposes for which they are employed, a continuance of the use in itself does not indicate negligence, even though there may be safer devices used by others to accomplish the same purpose."

The judgment of the district court is reversed and the cause remanded to it for a new trial.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES ADAIR and JOHN CONWAY HARRISON, concur.

MR. JUSTICE CASTLES (concurring in part, dissenting in part):

I concur in the opinion as to the holding and discussion of the denial of the motion for a mistrial. I also concur in the discussion of the instructions given.

However, I would not return the case for a new trial; but would dismiss it. The defendant moved for a direct verdict and it should have been granted. The plaintiff's entire case rests on the proposition that defendants were required to learn of the availability of a cleaning solvent and supply it to the plaintiff. The evidence showed that the use of gasoline, as it was used, was the customary practice, not only by defendants and other farmers in the area, but even by plaintiff's father who was a mechanic in a commercial shop where solvent was available! Under such evidence, no negligence was shown as

a matter of law. But, even assuming that it was, the plaintiff's own direct testimony emphasized his knowledge and repeated use of gasoline for cleaning parts by his own choice. Thus, if the defendants were negligent in supplying gasoline, the plaintiff was equally negligent in using it and would be barred from recovery. (Markovich v. Northern Pac. Ry Co., 55 Mont. 139, 174 P. 183, and Wollan v. Lord, 142 Mont. 498, 385 P.2d 102.) The plaintiff is required to exercise his intelligence to avoid dangers which may threaten. (Hughey v. Fergus County, 98 Mont. 98, 37 P.2d 1035.)