MR. JUSTICE SHEA,
specially concurring:
I agree with the result reached by the majority and with most of its conclusions. However, scattered throughout the opinion there is loose language that could cause some confusion. I will confine my remarks to that which I believe might cause future confusion.
Language in several places implies the plaintiff must prove both that the product was “defective” and “unreasonably dangerous”. It is virtually impossible to define “defective” in the context of the various kinds of products liability cases. Moreover, a careful reading of 2 Restatement of Torts 2d, § 402A and the comments thereto, leads me to believe that they are not separate elements. The thrust of the doctrine of strict liability is stated in Comment g. which provides in pertinent part:
“The rule [of strict liability] stated in this Section applies only where a product is, at the time it leaves the seller’s hands, in a condition not comtemplated by the ultimate consumer which will be unreasonably dangerous to him.” (Emphasis added.)
Comment j. provides in pertinent part:
“In order to prevent the product from being unreasonably dangerous, the seller may be required to give directions or warning, on the container, as to its use.” (Emphasis added).
I emphasize the above language because I believe that depending on the nature of the products liability claim, it may be confusing to *120 the jury to speak both of “defective” products and “unreasonably dangerous” products. The basic thrust of § 402A, 2 Restatement of Torts 2d, can be maintained by concentrating on the “unreasonably dangerous” condition of the product.
I concur with this Court’s opinion stating that recovery is allowed where the condition complained of is open and obvious as well as latent. However, because of the confining language of the Restatement, care must be taken in instructing the jury. A close reading of 2 Restatement of Torts 2d, § 402A and the comments thereto, reveals only silence as to whether an open and obvious condition can give rise to a strict liability claim. The definition of “unreasonably dangerous” contained in Comment i. of § 402A, is made in the context of situations where the condition complained of is latent; it states:
“i. Unreasonably dangerous. * * * The article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics. * * *”
In the present case the danger was latent, and the instruction may have been appropriate. However, it would not be appropriate in a situation where the danger was one that was open and obvious. I believe the above instruction given in a situation where the danger is open and obvious, would be tantamount to telling the jury to return a verdict for the defendant, thereby effectively precluding any realistic hope of recovery. Accordingly, in such situations, the trial courts should adopt a different instruction.
I agree with the overall position taken by the Court on the question of assumption of risk. However, concerning the Instruction questioned by the defendant, I feel that in most cases it is best to refrain from giving negative instructions to the jury. The inserted language concerning contributory negligence was negative in character, i. e., telling the jury what did not have to be proved. In most cases, I believe, it is sufficient to set out what each party must prove to sustain its burden of proof, and to refrain from telling the jury what each party does not have to prove. In any event, I fail to *121 see in what way the defendant was prejudiced because the statement of law was accurate.
There is language in the opinion that implies the subjective test of assumption of risk is being confined to strict liability cases only. The opinion states:
“Henceforth, in product liability cases the defense of assumption of risk will be based on a subjective standard rather than that of the reasonable man test.”
It has been my understanding that, at least since D’Hoodge v. McCann, (1968), 151 Mont. 353, 363, 443 P.2d 747, 752, we have applied the subjective test to assumption of risk. There, we held assumption of risk “is governed by the subjective standard of the plaintiff himself rather than the objective standard of the reasonable man * * *.”
The problem was not with the test we adopted, but with the Instruction given to the jury which allowed it to find that plaintiff could have the knowledge required by assumption of risk, if the knowledge was either actual or implied. The word “implied” does ring of constructive knowledge as noted by Justice Haswell in his concurring opinion, and I agree it should be deleted. However, these words should be eliminated from all instructions where assumption of risk is asserted as a defense, and not solely in strict liability cases.
A defendant is not bound by the plaintiff’s testimony simply because the words “or implied” are eliminated from the definition of assumption of risk. Even though a plaintiff testifies he was not aware of the particular condition involved or did not appreciate the danger, circumstantial knowledge may show the plaintiff had the actual (subjective) knowledge. If the facts are such that would lead a jury to believe that the plaintiff did not tell the truth, the jury is free to reject the plaintiff’s testimony simply by applying the standard instructions on credibility of witnesses and weighing the evidence. It is one thing to argue the jury should disbelieve the plaintiff where he testifies that he did not have knowledge of the particular condition; it is yet another to argue that a reasonable *122 man should have known of the particular condition involved. The knowledge that a man “should have had” has no place in the doctrine of assumption of risk where the cornerstone of the doctrine is plaintiff’s consent. To allow it comes dangerously close to permitting a defendant to argue contributory negligence under the guise of assumption of risk.
I also do not agree with the statement in the majority opinion that “seldom would a products liability plaintiff admit through his own testimony that he had knowledge of the danger and appreciated the risk involved.” Certainly the human nature of plaintiffs in general has not been shown to be so dishonest that it is customary for them to lie in support of their claims. Furthermore, even if a plaintiff admitted he had knowledge of the danger and appreciated the risk involved, it still would not defeat his claim. We have adopted the definition of assumption of risk as contained in 2 Restatement of Torts 2d, § 402A, Comment n. which provides in pertinent part:
“* * * If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery.” (Emphasis added.)
Accordingly, recovery would still be allowed if the plaintiff did not proceed unreasonably to make use of the product.