MR. JUSTICE WEBER,
dissenting:
I respectfully dissent from the holding of the majority that section 33-18-201(6), MCA, creates an obligation running from the insurer to the noninsured claimant (the claimant *255 normally described as a third party claimant, as distinguished from an insured claimant), the breach of which may be the basis of a civil action. I further respectfully dissent from the majority conclusion that such an action may be filed and tried, before, concurrent with, or after liability has been determined.
I agree with the conclusion of the majority that the rules of statutory interpretation to be applied are correctly summarized in Montana Power v. Cremer (1979), 182 Mont. 277, 596 P.2d 483. However, the majority opinion has failed to properly apply the first two rules of the Cremer summary:
“(1) Is the interpretation consistent with the statute as a whole? (2) Does the interpretation reflect the intent of the legislature considering the plain meaning of the language of the statute?”
We are required to consider the statute as a whole and the plain meaning of the language. The provisions in question are contained in the Unfair Trade Practices chapter of the Montana Insurance Code. The general purposes of this particular chapter are described in section 33-18-101, MCA:
“The purpose of this chapter is to regulate trade practices in the business of insurance. . .by defining. . .all such practices in this state which constitute unfair methods of competition or unfair or deceptive acts or practices and by prohibiting the trade practices so defined or determined.”
The prohibition against unfair methods is described in section 33-18-102, MCA:
“(1) No person shall engage. . .in any trade practice which is defined in this chapter as or determined pursuant to this chapter to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.”
The “person” referred to in the preceding section is defined by section 33-1-202, MCA, to include an insurer, company, reciprocal or interinsurance exchange, corporation, or other legal entity. The defendant insurance company therefore fits the definition of a “person” in that section.
*256 I fail to see how the statutory language of section 33-18-201, MCA, can be construed to create an obligation running from the insurance company to a third party claimant. It states:
“Unfair claim settlement practices prohibited. No person may, with such frequency as to indicate a general business practice, do any of the following:

" . . .

“(6) neglect to attempt in good faith to effectuate prompt, fair, and equitable settlement of claims in which liability has become reasonably clear;” (Underscoring added.)
In substance this provides that an insurance company cannot engage in a general business practice of denying liability where such liability is reasonably clear.
Section 33-18-201, MCA, contains fourteen paragraphs which set forth unfair claims settlement practices. Other sections in the chapter set forth prohibitions against misrepresentation, false advertising, twisting, publishing false financial statements, unfair discrimination as to rates, preferred rates as to fictitious groups, no rebates, illegal dealings in premiums, extension of credit to policy holders, defaming an insurer, boycott, coercion or intimidation, false applications, restrictions on solicitation, and a number of other activities. See sections 33-18-202 to 33-18-501, MCA. This is a very comprehensive list of unfair trade practices in the business of insurance.
Nowhere in this extensive statutory framework of unfair trade practices is there a specific provision granting to either insureds or third party claimants the right to bring an action to enforce any of the provisions of this chapter. Sections 33-18-1001 to 1005, MCA, set forth enforcement provisions which essentially grant to the insurance commissioner the power to examine the actions of insurance companies and to seek cease and desist orders. The ultimate penalties for violation of a cease and desist order include fines of up to $1,000 for each day with a total penalty not to exceed $10,000. In addition, section 33-1-104, MCA, *257 provides that each violation of the Insurance Code “in addition to any administrative penalty” upon conviction shall be punishable by a fine of not less than $50 or more than $1,000 or by imprisonment in the county jail for not less than thirty days or more than ninety days or by both fine and imprisonment.
The purpose of the chapter is to regulate trade practices. The prohibition is against an insurance company engaging in trade practices which are unfair or deceptive as described. Of particular significance is the prohibition against an insurance company neglecting to effectuate settlement of claims “with such frequency as to indicate a general business practice.” When followed by enforcement sections which require action by the commissioner of insurance only, I must conclude that the interpretation of the majority is not consistent with the statute as a whole as is required under Cremer. I further conclude that the majority opinion does not reflect the intention of the legislature when we study the plain meaning of the statutory language. The majority opinion ignores the absence of any provision in the legislation granting a right of suit by either the insureds or third party claimants. This readily could have been inserted by the legislature had that been its intent.
The majority has disregarded the rule contained in our recent opinion of State of Montana ex rel. Palmer & Conrad v. Hart (1982), 201 Mont. 526, 655 P.2d 965, 39 St.Rep. 2277, in which we stated:
“This Court must ascertain and declare the substance of the statute it construes. We may not insert what has been omitted. Section 1-2-101, MCA. Chennault v. Sager (1980), Mont., 610 P.2d 173, 176, 37 St.Rep. 857, 861.”
The majority opinion has inserted into the statute elements which had been omitted by the legislature. Regardless of our viewpoints on the equities of enabling third party claimants to sue insurance companies, we should not presume to insert into a statute that which has been omitted. Such action is for the legislature, not this Court.
*258 In the interest of brevity, I will not attempt to analyze the various cases on the question of the private right of action by third party claimants for breach of duty to settle, as cited in the majority opinion. I do note that the leading case in California, Royal Globe Insurance Co. v. Superior Court of Butte County (1979), 23 Cal.3d 880, 153 Cal.Rptr. 842, 592 P.2d 329, is based upon a statute with significant differences from our Montana code sections, none of which have been analyzed or considered in the majority opinion. The dissent in Royal Globe Insurance Co. contains many of the arguments which I believe to be persuasive. This is summarized in the following quotation from 153 Cal.Rptr. at 853, 592 P.2d at 340:
“If, as the majority asserts, the Legislature had intended to change the course of California law 180 degrees and thereafter to impose upon carriers civil liability to injured third persons for failing to settle claims against their insured, then surely much more direct and precise language would have been selected.” (Underscoring added.)
The last paragraph of the majority opinion holds that proof of violations evidencing a general business practice is required before an action can be successfully maintained. This recognizes the statutory prohibitions, including that in section 33-18-201(6), MCA, which prohibit an insurance company from engaging in the prohibited claim settlement practices “with such frequency as to indicate a general business practice.” The further result of the majority holding is that the first person to be so mistreated by an insurance company would be unable to recover because he could not prove a general business practice. Presumably the first “few” persons so mistreated by an insurance company could not recover until the mistreatment had become so consistent as to become a general business practice. Had it been the intention of the legislature to grant a right of action to the plaintiff, it seems absurd to suggest that the first few mistreated persons have no cause of action because of the absence of a general business practice. I suggest this in *259 terpretation violates the third rule of statutory construction in Cremer:
“(3) Is the interpretation reasonable so as to avoid absurd results?”
In addition, I join in the dissent of Mr. Justice Morrison in which he would not permit an action against the insurer to be consolidated with the action against the tort feasor. This would also be consistent with Rule 411, Mont.R.Evid., as stated in D’Hoodge v. McCann (1968), 151 Mont. 353, 433 P.2d 747, where this Court stated:
“Ordinarily injection of the fact that the defendant is protected by liability insurance into such a case, directly or indirectly, by evidence, arguments, or remarks constitutes reversible error.”
I would affirm the District Court.